In the

# United States Court of Appeals
## For the Seventh Circuit

―――――――

No. 07-2804

ROBERT L. PEALS,

*Plaintiff-Appellant*,

*v.*

TERRE HAUTE POLICE DEPARTMENT,
GEORGE A. RALSTON III, Terre Haute
Police Chief, in his official capacity,
TREY GILBERT, Terre Haute
Police Officer, et al.,

*Defendants-Appellees*.

―――――――

Appeal from the United States District Court
for the Southern District of Indiana, Terre Haute Division.
No. 05 C 223—**Richard L. Young**, *Judge*.

―――――――

ARGUED JUNE 6, 2008—DECIDED JULY 25, 2008

―――――――

Before BAUER, RIPPLE and MANION, *Circuit Judges*.

RIPPLE, *Circuit Judge*.  Robert Peals filed this action under 42 U.S.C. § 1983 against the Terre Haute Police Department and several individual police officers. Mr. Peals alleged that the defendants had performed an unlawful search, falsely arrested him, initiated a retaliatory prosecution against him and used excessive force against him. Before trial, the district court granted the defendants'

summary judgment motion with respect to Mr. Peals'
unlawful search, false arrest and retaliatory prosecution
claims. The court also dismissed his claims against all
of the defendants except Officers Trey Gilbert and Curt
Brinegar. The remaining excessive-force claim proceeded
to trial, and the jury found in favor of the defendants.
Mr. Peals timely appealed the district court's grant of
summary judgment on two of his claims and two of the
court's rulings at trial. For the reasons discussed in this
opinion, we affirm the judgment of the district court.

## I

## BACKGROUND

### A.

On September 15, 2003, Mr. Peals was arrested in his
garage by a number of Terre Haute police officers from the
Street Crimes Unit, a unit used to perform special tasks
including high-risk arrests, narcotics arrests and narcotics
information gathering. Among these officers were two K-9
officers who were detailed at that time to the Street
Crimes Unit. The police officers had a warrant for Mr.
Peals' arrest on charges of battery resulting in injury and
invasion of privacy, but they did not possess a search
warrant for his home. After the officers took Mr. Peals into
custody, Mr. Peals observed Officer Brinegar, several
other officers and the K-9 units looking around the
garage "as if [they] were searching for something." R.77,
Ex. C. In addition, Mr. Peals observed Officer Brinegar
enter Mr. Peals' house.

In an unrelated incident, on January 15, 2005, Officer
Gilbert arrested Mr. Peals in a restaurant parking lot

pursuant to a bench warrant for failure to pay child support and failure to appear in court.[1] On that evening, Officer Gilbert was providing police security at a restaurant and was wearing a t-shirt printed with a badge and the word "POLICE." When Mr. Peals entered the restaurant, he was stopped by Officer Gilbert, who recognized him from the Vigo County Sheriff's Department Active Warrant List. Officer Gilbert told Mr. Peals that there was a warrant for Mr. Peals' arrest. While Officer Gilbert called the police station to check the status of the warrant, Mr. Peals said that he did not believe that Officer Gilbert had a warrant and walked to the parking lot. Officer Gilbert pursued and arrested him there. As a result of this incident, Mr. Peals was charged with resisting arrest.

## B.

Following his 2005 arrest, Mr. Peals filed a section 1983 claim against the Terre Haute Police Department, the Police Chief in his individual capacity, and eight known and additional unknown officers. Alleging violations of his rights under the First, Fourth, Eighth and Fourteenth Amendments, the suit included four claims based on the

---

[1] Mr. Peals contends that this arrest occurred after he had filed a complaint against Officer Gilbert, but there is no admissible evidence in the record that supports his contention. The only evidence in the record related to this point is a document titled "Complaint Against Police Officer" that is uncertified and that is dated January 4, 2005. R.77, Ex. I. There is no evidence in the record that Mr. Peals filed the complaint, that it ever was received by the Police Department, or that Officer Gilbert was aware of the complaint.

2003 and 2005 incidents: unlawful search, false arrest, initiation of a retaliatory prosecution and excessive force. The defendants moved for summary judgment on all claims. The district court granted the motion as to Mr. Peals' unlawful search, retaliatory prosecution and false arrest claims but denied the motion on his excessive force claims. Before trial, the district court also dismissed the claims against all of the defendants except Officers Brinegar and Gilbert.

Mr. Peals requested Officer Gilbert's and Officer Brinegar's personnel files. The district court examined the files in camera and determined that they did not contain information necessary to Mr. Peals' case and therefore would not be divulged. Mr. Peals did not object to the district court's determination; in response to the determination, his counsel simply replied, "Okay." Tr. at 15.

The district court also denied Mr. Peals' request to call Officer Peter Tanoos as a rebuttal witness. The court agreed with the defendants that Officer Tanoos' testimony would be improper rebuttal testimony because it should have been introduced during Mr. Peals' case in chief.

The jury found in favor of the officers on all claims. Mr. Peals timely appealed.

## II

## DISCUSSION

### A.

Mr. Peals contends that the district court improperly granted summary judgment on his claims of retaliatory prosecution and unlawful search. We review de novo the district court's decision to grant a motion for sum-

mary judgment and may affirm that decision on any ground found in the record. *Hull v. Stoughton Trailers, LLC*, 445 F.3d 949, 951 (7th Cir. 2006). Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Keck Garrett & Assocs. v. Nextel Commc'ns, Inc.*, 517 F.3d 476, 483 (7th Cir. 2008); Fed. R. Civ. P. 56(c).

## 1. Retaliatory Prosecution

Mr. Peals contends that the district court improperly granted summary judgment on his claim that Officer Gilbert initiated a retaliatory prosecution against him. Mr. Peals submits that Officer Gilbert arrested him and then influenced the prosecutor into charging him with resisting arrest because of the complaint that he contends that he submitted against Officer Gilbert on January 4, 2005.

An individual may not be subject to criminal prosecution for exercising his right to free speech. *Hartman v. Moore*, 547 U.S. 250, 256 (2006). If an individual is subjected to criminal prosecution in retaliation for constitutionally protected speech and "nonretaliatory grounds are in fact insufficient to provoke the adverse consequences," then instigation of the retaliatory prosecution "is subject to recovery as the but-for cause of official action offending the Constitution." *Id.* An individual who is subjected to such a retaliatory prosecution therefore may bring a section 1983 claim against an official "who may have influenced the prosecutorial decision but did not himself make it, and the cause of action will not be

strictly for retaliatory prosecution, but for successful retaliatory inducement to prosecute." *Id.* at 262. To succeed on such a claim, the plaintiff must show a causal connection between the official's retaliatory animus and a subsequent injury in a retaliation action. *Id.* at 259. He "must show that the nonprosecuting official acted in retaliation, and must also show that [the official] induced the prosecutor to bring charges that would not have been initiated without his urging." *Id.* at 262. "Thus, the causal connection required here is . . . between the retaliatory animus of one person and the action of another." *Id.* The plaintiff also must plead and prove, as an element of his case, that there existed no probable cause to support the underlying charge. *Id.* at 265-66.

The district court granted the defendants' motion for summary judgment on Mr. Peals' retaliatory prosecution claim because it found that there was no evidence that Officer Gilbert had induced the prosecutor to file resisting arrest charges against Mr. Peals. Mr. Peals offers no evidence, at summary judgment or on appeal, that Officer Gilbert "induced the prosecutor to bring charges that would not have been initiated without his urging." *See id.* at 262. He relies only on the fact that Officer Gilbert arrested him and that he subsequently was charged with resisting arrest.

Additionally, with respect to the underlying complaint of police misconduct that allegedly induced the retaliation, the record contains no admissible evidence that Mr. Peals ever filed a complaint against Officer Gilbert, that the Police Department ever received such a complaint or that Officer Gilbert was aware of a complaint. The only evidence related to such a complaint is a form titled "Complaint Against Police Officer" that is uncerti-

fied. Under Federal Rule of Evidence 901, evidence must be authenticated as a condition precedent to its admissibility. Fed. R. Evid. 901(a). Public records or reports such as Mr. Peals' alleged complaint against Officer Gilbert may be authenticated by showing evidence that the writing "is from the public office where items of this nature are kept." Fed. R. Evid. 901(b)(7). Mr. Peals has offered no evidence "sufficient to support a finding that the matter in question is what its proponent claims." Fed. R. Evid. 901(a).

The record contains no admissible evidence of retaliatory animus on the part of Officer Gilbert or of Officer Gilbert's influencing the prosecutor's decision to charge Mr. Peals with resisting arrest. The district court therefore properly granted summary judgment for the officers on this claim. *See Hartman*, 547 U.S. at 262 (holding that the plaintiff "must show that the nonprosecuting official acted in retaliation, and must also show that [the official] induced the prosecutor to bring charges that would not have been initiated without his urging").

## 2. Unlawful Search

The Fourth Amendment protects the right of the people "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. Amend. IV. With few exceptions, the Fourth Amendment prohibits the warrantless entry of a person's home to make an arrest or to conduct a search. *Kyllo v. United States*, 533 U.S. 27, 31 (2001). "A 'search' occurs when an expectation of privacy that society is prepared to consider reasonable is infringed." *United States v. Brock*, 417 F.3d 692, 696 (7th Cir. 2005) (quoting *United States v. Jacobsen*, 466 U.S. 109, 113 (1984)).

One exception to the Fourth Amendment's prohibition on warrantless searches of a person's home is a search incident to arrest, an exception first recognized in *Chimel v. California*, 395 U.S. 752 (1969). Under this exception, police officers may, incident to arrest, conduct a plenary search of the arrestee's person and the area within his immediate control, that is, "the area from within which he might gain possession of a weapon or destructible evidence." *Id.* at 763.

Another such exception is the protective sweep, first described in *Maryland v. Buie*, 494 U.S. 325, 331 (1990). Under the protective sweep exception, officers may, incident to arrest and "as a precautionary matter and without probable cause or reasonable suspicion, look in closets and other spaces immediately adjoining the place of arrest from which an attack could be immediately launched." *Id.* at 334. A search beyond those parameters is justified when there are "articulable facts which, taken together with the rational inferences from those facts, would warrant a reasonably prudent officer in believing that the area to be swept harbors an individual posing a danger to those on the arrest scene." *Id.*; *Leaf v. Shelnutt*, 400 F.3d 1070, 1086 (7th Cir. 2005). It is important to note that a protective sweep is "not a full search of the premises, but may extend only to a cursory inspection of those spaces where a person may be found." *Buie*, 494 U.S. at 335; *Leaf*, 400 F.3d at 1086. The justification for a protective sweep is to protect "the safety of police officers, who have an interest in ensuring their safety when they lawfully enter a house. That interest justifies their ensuring that the dwelling does not harbor another person who is dangerous and who unexpectedly could launch an attack." *Leaf*, 400 F.3d at 1087 (alteration omitted) (internal quotation marks omitted).

Mr. Peals contends that the district court improperly granted summary judgment on his claim that the defendants' search of his garage and home was unreasonable. He submits that the warrantless search of his garage and home was not justified either as a protective sweep or as a search incident to arrest.[2] He makes two specific contentions: (1) that the search was unreasonable because it exceeded the limits of the protective sweep and search incident to arrest exceptions, and (2) that the search was unreasonable because it involved K-9 units. We shall address each of these contentions.

First, Mr. Peals submits that the search was unreasonable because the officers did more than conduct a cursory visual inspection of those places in which a person might be hiding. The evidence in the record contradicts this contention. Mr. Peals stated in his affidavit that, after the officers took him into custody, he observed Officer Brinegar and several other officers with K-9 units looking around the garage "as if [they] were searching for something." R.77, Ex. C. In addition, Mr. Peals observed Officer Brinegar enter Mr. Peals' house. *Id.* Taking these facts in the light most favorable to Mr. Peals, he has not shown that the officers conducted an unconstitutional search. His version of the events is consistent with the limitations on a valid protective sweep. The officers visually inspected the area in which Mr. Peals was arrested and entered an immediately adjoining space in which other persons might be located and from which they could launch an attack. *See Leaf*, 400 F.3d at 1087. Notably, Mr. Peals does not allege that any officer opened

---

[2] It is undisputed that the officers had and executed a valid arrest warrant for Mr. Peals.

or otherwise manipulated anything in the garage or house, or that the limited search extended beyond a brief visual inspection of the areas immediately adjoining the garage where he was arrested. *See id.* Even without a reasonable suspicion or probable cause, the undisputed facts show that the search conducted by the officers was reasonable as a protective sweep. *See id.*; *see also Buie*, 494 U.S. at 334.

Second, Mr. Peals contends that the presence of K-9 units in his garage made the search unreasonable. We cannot accept this contention. As a general rule, K-9 units trained to protect officers and apprehend suspects may accompany police officers. *See, e.g.*, *United States v. Lawshea*, 461 F.3d 857, 860 (7th Cir. 2006) (holding that the use of a police dog to assist in effecting a *Terry* stop was reasonable when the person ran from the officer and ignored the officer's orders to stop). We have also held that K-9 units trained to detect contraband do not conduct a search when they sniff in an area where they are lawfully present. *Brock*, 417 F.3d at 696.

As we have noted earlier, the officers and the K-9 units were lawfully present in Mr. Peals' garage. Moreover, there is no evidence in the record regarding the purpose or detection capabilities of the K-9 units. The reasonable inference therefore is that the K-9 units, which are a standard part of the Street Crimes Unit, were trained either to protect the officers and apprehend suspects or to detect narcotics.[3] Without a material issue of fact on the

---

[3] Officer Brinegar testified that the Street Crimes Unit performed special tasks, including high-risk arrests, narcotics arrests and narcotics information gathering. Tr. at 17-19.

question of whether the K-9 units used in this search were trained to search for non-contraband items, we need not reach to resolve the question of whether, when lawfully inside of a home, the use of a K-9 unit trained to sniff for non-contraband items is a search. *See id.* (holding that a sniff by a dog trained to search for drugs was not a search "because it detected only the presence of contraband and did not provide any information about lawful activity over which Brock had a legitimate expectation of privacy"); *see also Illinois v. Caballes*, 543 U.S. 405 (2005); *Kyllo*, 533 U.S. at 37-38, 40.

The district court therefore properly granted summary judgment to the defendants on Mr. Peals' claim of unlawful search.

**B.**

Mr. Peals also contends that, in conducting the trial on the excessive force claim, the district court abused its discretion when it prevented him from calling a witness and when it reviewed the officers' personnel files in camera without granting him access to the files. We review for abuse of discretion a district court's decisions regarding rebuttal evidence, *United States v. Grintjes*, 237 F.3d 876, 879 (7th Cir. 2001), and discovery, *United States v. Phillips*, 854 F.2d 273, 277 (7th Cir. 1988).

**1. Rebuttal Witness**

Mr. Peals submits that the district court abused its discretion when it refused to permit him to call Officer Peter Tanoos as a rebuttal witness. Officer Tanoos would have testified about one of Mr. Peals' prior arrests. Al-

though the substance of Mr. Tanoos' proposed testimony was not made known to the district court, Mr. Peals contends before us that Officer Tanoos would have testified that the charges in that incident were fabricated. Mr. Peals further contends, on appeal only, that Officer Tanoos' testimony would have been relevant to the other officers' attitudes toward him. He contends that the district court abused its discretion by refusing to permit Officer Tanoos to testify as a rebuttal witness.

Mr. Peals testified during his case in chief regarding some of his previous encounters with the police department involved in this case. He also testified about the cases underlying the arrest warrants that the officers executed in 2003 and 2005, which generated the claims in this case. On cross-examination, counsel for the officers elicited, without objection, information from Mr. Peals about the particular facts and circumstances of his other encounters. Mr. Peals did not provide more information about these arrests during his case in chief by seeking the admission of other evidence. Then, after the defendants had presented their case, Mr. Peals sought to introduce testimony regarding those issues raised when he had been cross-examined during his case in chief. After a discussion in chambers, the following exchange on the record among court and counsel addressed this issue:

THE COURT: All right. Mr. Lenkowsky, do you wish to make some type of record?

MR. LENKOWSKY: Yes, your Honor. In chambers conference yesterday, I requested calling a Pete Tanoos as a rebuttal witness. At that point you indicated you

would not allow me to do that. Our argument is basically we only presented--on our case the only evidence we presented was that he was found not guilty. We do not go into the factual circumstances. Mr. Drummy, if I recall correctly, actually did go into some of the factual circumstances, so at that point we think that rebuttal by calling Mr. Tanoos, who was involved in the investigation, would be proper.

THE COURT: Mr. Drummy?

MR. DRUMMY: The evidence that I offered with regard to the facts of the crime was offered during the plaintiff's case in chief without objection. It would be inappropriate to allow rebuttal. If he wished to call Mr. Tanoos after that testimony is offered, then Mr. Tanoos should have been called in this case-in-chief.

THE COURT: That's correct. I believe that's what our discussion was in chambers last evening, was centered around the point that Mr. Drummy did make those points and allegations in cross examination during the plaintiff's case. It would be improper rebuttal.

MR. LENKOWSKY: Okay.

Tr. at 524-25.

"The proper function of rebuttal evidence is to contradict, impeach or defuse the impact of the evidence offered by an adverse party." *Grintjes*, 237 F.3d at 879 (internal quotation marks omitted). Testimony offered only as additional support to an argument made in a case in chief, if not offered "to contradict, impeach or defuse the impact of the evidence offered by an adverse party," is improper on rebuttal. *See id.* A court's determination to exclude rebuttal testimony is not an abuse of discre-

tion absent a showing of prejudice. *Nanda v. Ford Motor Co.*, 509 F.2d 213, 223 (7th Cir. 1974); Fed. R. Evid. 103 ("Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and . . . the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked."). If the party objecting to the exclusion of the evidence fails to make a proper offer of proof, "there is no basis for a finding of prejudice." *Nanda*, 500 F.3d at 223; *see also* Fed. R. Civ. P. 61 ("Unless justice requires otherwise, no error in admitting or excluding evidence . . . is ground for granting a new trial. . . . At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights.").

On this record, we cannot say that the district court abused its discretion in refusing to permit the testimony. The court certainly was justified in accepting the representation of the defendants, which Mr. Peals did not question at the time, that the evidence that Mr. Peals sought to rebut had been offered during the plaintiff's case in chief without objection. The record before us does not provide any basis for finding that representation to have been inaccurate; the testimony that Mr. Peals sought to introduce on rebuttal was responsive to the defendants' cross-examination of him during his case in chief, not to the defendants' case. Because the testimony was clearly not an appropriate subject for rebuttal, the district court clearly did not abuse its discretion in excluding it. *See Grintjes*, 237 F.3d at 879. The district court, which is far closer than we to matters concerning the presentation of evidence, certainly did not err clearly when it accepted the Government's argument and excluded the testimony.

*See Nanda*, 509 F.2d at 223; Fed. R. Civ. P. 61. Mr. Peals, moreover, did not make known to the district court, at the time of its ruling, the substance of Officer Tanoos' proposed rebuttal testimony or how that testimony would have related to the substance of his excessive force claims. He therefore has failed to demonstrate prejudice because he failed to make a sufficient offer of proof to the district court.

### 2.  Personnel Files

Mr. Peals contends that the district court abused its discretion by reviewing in camera the personnel files of Officer Gilbert and Officer Brinegar and by refusing to turn those files over to him. The only evidence concerning this issue is the following statement by the trial court:

> All right. The court has examined the personnel files of the two defendant police officers and there is nothing in those files that indicate any discipline or any type of complaints regarding excessive force. There is a notation in there about one of them being late for court, and there is some information, also in there about doing a good job.

Tr. at 15. Following this statement, Mr. Peals' counsel said, "Okay." *Id.* The personnel files of the two officers are not part of the record.

Mr. Peals contends that the district court abused its discretion when it reviewed the officers' personnel files in camera instead of turning the files over to him. "Generally, the decisions whether to conduct an *in camera* review of government files in appropriate cases, whether

to require discovery of materials contained therein, and in what form such materials should be produced are committed to the sound discretion of the district judge." *Phillips*, 854 F.2d at 277.

Mr. Peals failed to object to the district court's decision to review the files in camera instead of making them available to him. Neither did he make any offer of proof to the district court or so much as "hint that impeaching material was contained" in the files. *See id.* Because he failed to object and make an offer of proof, there is no basis for a finding of prejudice, which is necessary for us to hold that the district court abused its discretion. *Cf. Nanda*, 509 F.2d at 223; *see also* Fed. R. Evid. 103(a) ("Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected."); Fed. R. Civ. P. 61 ("*Unless justice requires otherwise*, no error in admitting or excluding evidence . . . is ground for granting a new trial." (emphasis added)).

## Conclusion

The district court properly granted summary judgment for the defendants on Mr. Peals' claims of retaliatory prosecution and unlawful search, and it did not abuse its discretion when it excluded certain rebuttal testimony and reviewed in camera the defendants' personnel files. Accordingly, the judgment of the district court is affirmed.

AFFIRMED