**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 21, 2010[*]
Decided February 26, 2010

**Before**

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 09-2508

| | |
|---|---|
| HILLARD JAY QUINT, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | No. 07 C 5413 |
| VILLAGE OF DEERFIELD, et al., | |
| *Defendants-Appellees*. | George W. Lindberg, |
| | *Judge*. |

**O R D E R**

Hillard Quint has sued the Village of Deerfield, Illinois, and two of its police officers individually. As relevant here, he claims under 42 U.S.C. § 1983 that the officers violated his constitutional rights at the time of his arrest as they entered and searched his home without consent or without a warrant, and seized personal property from the residence; these actions, Quint maintains, were the policy of the Deerfield Police Department. Quint's

---

[*]After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2).

amended complaint, filed by counsel, also includes state-law claims for defamation, intentional infliction of emotional distress, and civil conspiracy. The district court dismissed Quint's illegal search claim on the basis of a qualified-immunity defense raised by the individual defendants and the court dismissed all other federal claims for failure to state a claim. *See* FED. R. CIV. P. 12(b)(6). The court also concluded that all of the state-law claims, other than the defamation claim, were time-barred, but as to that claim the court declined to exercise supplemental jurisdiction because all claims based in federal law had been dismissed. *See* 28 U.S.C. § 1367(c)(3); *Schor v. City of Chicago*, 576 F.3d 775, 779 (7th Cir. 2009). Quint appeals. We affirm in part and vacate and remand in part.

Because the district court dismissed Quint's complaint at the pleading stage, we accept the facts in the complaint as true and construe them in the light most favorable to Quint. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008); *Christensen v. County of Boone*, 483 F.3d 454, 457 (7th Cir. 2007). In February 2007 the individual defendants, both detectives from the Village of Deerfield, arrested Quint on the street outside his apartment in Chicago, Illinois. The detectives, Juan Mazariegos and Vince Nichols, informed Quint they were acting on an arrest warrant issued in Georgia three years earlier for writing a bad check. They told Quint they were going to hold him until Chicago police arrived to take him into custody. While they were waiting, the detectives frisked Quint and searched his car. They did not find any contraband, but in a pants pocket they did find his house keys, which they then used to enter and search his apartment without consent or a warrant. The items seized by Mazariegos and Nichols included financial documents, tax records, a computer, and photographs; Quint was never charged with a crime in the detectives' jurisdiction, and the items taken from his home were never used in any prosecution. Instead, the detectives turned some of the items they confiscated over to various media sources, as well as accusations that Quint was responsible for swindling multiple women out of millions of dollars. Mazariegos went a step further; he used a seized picture of Quint to make fliers calling Quint a "fraud." The police department has never returned the illegally seized property to Quint nor inventoried the confiscated property.

Based on these events, Quint sued the Village of Deerfield and the two detectives individually. In his claim against Mazariegos and Nichols, Quint alleged that they violated his rights under the Fourth Amendment by arresting him, entering and searching his home, and seizing his property. The district court dismissed this claim, reasoning that the validly issued arrest warrant provided undisputed probable cause to justify the arrest, and that the detectives were entitled to qualified immunity for the search of the house. The district court dismissed Quint's claim dealing with the seizure of his personal property on the assumption that Quint was required to plead, but did not refer to any allegations regarding the inadequacy of state remedies. As for his claim against the municipality, Quint alleged that the Village of Deerfield had violated his constitutional rights by maintaining a policy

that condoned (among other things) harassment, defamation, and improper and illegal arrests and seizures. The district court rejected this claim on the grounds that Quint's allegations were vague and failed to challenge a municipal policy implemented by an individual with policy-making authority. In addition to these federal claims, Quint asserted supplemental state-law claims for defamation, intentional infliction of emotional distress, and civil conspiracy. The court concluded that only the defamation claim was timely, but with only that claim remaining declined to exercise supplemental jurisdiction.

Our review of a dismissal under Rule 12(b)(6) is de novo. *See, e.g., Christensen*, 483 F.3d at 458. A complaint is sufficient if it includes enough factual content to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). That standard is met when the factual content allows a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.; Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

We start with the one claim that the individual (police) defendants have, from the beginning, effectively conceded is sufficient to satisfy Rule 12(b)(6): that Mazariegos and Nichols entered Quint's home without consent or a warrant and confiscated several items of his personal property. The two detectives have never disputed that, if Quint's allegations are true, they violated the Fourth Amendment; the detectives instead maintain that they are shielded from liability by the affirmative defense of qualified immunity. Mazariegos and Nichols contend, as they did in the district court, that reasonable police officers could have believed that the discovery of house keys during a search incident to arrest authorized a warrantless, nonconsensual entry and search of the home unlocked by those keys. This contention is without merit, and the district court erred in accepting it as a basis for dismissal.

The defendants tell us that they believed "it was within their discretion" to search Quint's home "based on the Georgia warrant and the nature of the underlying crime (bad checks)." They stop short of asserting that they had *probable cause* to search the house, but if they did it would not matter. An arrest warrant is not a warrant to search for evidence, and even if Quint had been seized in his apartment, the arrest warrant would not have authorized a search beyond a "cursory visual inspection of those places in which a person might be hiding." *Maryland v. Buie*, 494 U.S. 325, 327 (1990); *Peals v. Terre Haute Police Dep't*, 535 F.3d 621, 627-28 (7th Cir. 2008); *Cuevas v. De Roco*, 531 F.3d 726, 735 (9th Cir. 2008); *El Bey v. Roop*, 530 F.3d 407, 419-420 (6th Cir. 2008). More to the point, although an arrest warrant allows entry into the suspect's home to effect the arrest, *Payton v. New York*, 445 U.S. 573, 603 (1980), Quint alleges that he was in custody and removed from the scene before the detectives entered his home, so the arrest warrant cannot help the detectives.

"Qualified immunity is applicable unless the official's conduct violated a clearly established constitutional right," *Pearson v. Callahan*, 129 S. Ct. 808, 816 (2009); *see Gonzalez v. City of Elgin*, 578 F.3d 526, 541 (7th Cir. 2009), and here the detectives' conduct was "so egregious that no reasonable person could have believed that it would not violate clearly established rights," *Smith v. City of Chicago*, 242 F.3d 737, 742 (7th Cir. 2001). It has long been established that warrantless entries and searches of a residence are "presumptively unreasonable" under the Fourth Amendment. *See, e.g.*, *Groh v. Ramirez*, 540 U.S. 551, 559 (2004); *Payton*, 445 U.S. at 586; *Green v. Butler*, 420 F.3d 689, 694 n.4 (7th Cir. 2005). Of course, various exceptions to this rule are also clearly established. Warrantless entries are permitted to prevent the imminent destruction of evidence, *see, e.g.*, *Brigham City v. Stuart*, 547 U.S. 398, 403 (2006); *United States v. Bell*, 500 F.3d 609, 612 (7th Cir. 2007), but even then the police may do no more than conduct a protective sweep and then secure the premise until a search warrant can be obtained, *Segura v. United States*, 468 U.S. 796, 810 (1984); *United States v. Alexander*, 573 F.3d 465, 476 (7th Cir. 2009). Nothing in Quint's complaint remotely hints at the possibility of exigent circumstances, and the defendants have not suggested any. They arrested Quint on the street outside his apartment on a three-year-old fugitive warrant, and by the time of the entry and search, he was in custody and had been removed from the scene. There was no risk to the detectives' safety, no obligation to protect the public safety, and no need to prevent the destruction of evidence because no one was in the house at the time of the arrest. "[A]n arrest on the street does not create an exigent circumstance which allows the police to conduct a warrantless search of the arrestee's house," *United States v. Marshall*, 157 F.3d 477, 483 (7th Cir. 1998), and that rule of law is not weakened by the discovery of Quint's house keys. Under these circumstances, a reasonable officer—having already arrested Quint and removed him from the area—would have known that a search warrant was needed to enter and scour his home for evidence. The facts may not be as Quint alleges, but if they are, the officers have no entitlement to the shield of qualified immunity.

We also disagree with the treatment of Quint's claim regarding the taking of his property. Quint's appellate brief makes clear that he is concerned with the seizure of his property that occurred immediately following his arrest. The district court analyzed this claim under the rubric of due process, but unreasonable seizures of personal property violate the Fourth Amendment. *See United States v. Place*, 462 U.S. 696, 701 (1983); *United States v. James*, 571 F.3d 707, 713 (7th Cir. 2009). Accordingly, Quint's seizure claim must be remanded as well.

Because we are reinstating Quint's constitutional claims against the two detectives arising from the warrantless entry, search, and seizure, our remand encompasses his state-law defamation claim as well. *See, e.g.*, *Hall v. Bennett*, 379 F.3d 462, 464, 466 (7th Cir. 2004). However, Quint's § 1983 claim for unlawful arrest, his § 1983 claims of municipal

liability against the Village of Deerfield, and his state law claims were properly dismissed. To pursue a claim that his arrest violated the Fourth Amendment, Quint would need to establish that it was not supported by probable cause. *See Gonzalez*, 578 F.3d at 537. But he does not dispute that Georgia authorities had issued a valid warrant for his arrest, and that document supplied probable cause to justify the arrest. *See, e.g., United States v. Sims*, 553 F.3d 580, 582 (7th Cir. 2009); *United States v. Martin*, 399 F.3d 879, 881 (7th Cir. 2005). Instead, Quint asserts that the arrest was conducted in a manner that violated Illinois law, but that contention is irrelevant because state law does not define the scope of federal constitutional requirements. *See Virginia v. Moore*, 128 S. Ct. 1598, 1604 (2008); *Sims*, 553 F.3d at 585. As for Quint's municipal-liability theory under § 1983, the complaint is no more than a "formulaic recitation of the elements," which is insufficient to satisfy Federal Rule of Civil Procedure 8(a). *See Twombly*, 550 U.S. at 545. The complaint sets forth no factual content, and this complete lack of detail is fatal to that claim. *See, e.g., Justice v. Town of Cicero*, 577 F.3d 768, 773 (7th Cir. 2009) ("failure to allege any policy or practice causing the allegedly illegal search is fatal to [the] claim"); *McTernan v. City of York*, 564 F.3d 636, 659 (3d Cir. 2009). And, finally, as to the claims for intentional infliction of emotional distress and civil conspiracy, Quint does not challenge the district court's conclusion that they were time-barred, and this failure dooms these claims.

The dismissal of Quint's claims regarding the lawfulness of his arrest, municipal liability, intentional infliction of emotional distress, and civil conspiracy are AFFIRMED. In all other respects, the judgment of the district court is VACATED, and the case is REMANDED to the district court for further proceedings.