NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued January 21, 2010
Decided May 10, 2010

**Before**

Frank H. Easterbrook, *Chief Judge*

Richard D. Cudahy, *Circuit Judge*

Daniel A. Manion, *Circuit Judge*

| | |
|---|---|
| No. 09-2489 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| VALERIE T. FILAR,<br>*Plaintiff-Appellant*, | |
| | No. 04 cv 4679 |
| *v.* | |
| CHICAGO SCHOOL REFORM BOARD OF TRUSTEES, a/k/a BOARD OF EDUCATION OF THE CITY OF CHICAGO,<br>*Defendant-Appellee*. | **Charles R. Norgle, Sr.**, *Judge*. |

**O R D E R**

Valerie Filar worked as a full-time substitute teacher in the Polish bilingual program at Foreman High School in Chicago. In 1999, the principal of the school re-classified her as a roving substitute. Believing that decision was because of her age, she sued the Chicago School Reform Board of Trustees under the Age Discrimination in Employment Act. The

case went to trial, and the jury returned a verdict for the Board.  Filar appeals, claiming she is entitled to a new trial because the district court erred in ruling on three evidentiary matters.  We affirm.

I.

In the fall of 1992, there was an acute need for Polish bilingual teachers at Foreman High School in Chicago.  Dr. John Garvey, the principal at Foreman High, hired 62-year-old Valerie Filar to teach computer in the school's Polish bilingual education program.  Filar was classified as a "full-time basis substitute" (FTB), a non-tenure-track instructor who teaches in a particular school for an entire school year.  FTBs have less seniority than tenure-track "appointed" teachers, meaning that when teaching positions lose funding or are no longer needed, FTBs are "displaced" first.  ("Displacement" means that a teacher is re-categorized as a roving "cadre substitute" who fills temporary vacancies in city schools as they arise.).  And among FTBs with similar credentials, the least senior is the first to go.

One year later, Garvey displaced Filar.  She grieved that decision to the Chicago Board of Education.  While her grievance was under review, Garvey hired two FTB teachers for the Polish bilingual program—Piotr Monaco and Kornelia Rydberg—both of whom were younger than Filar.  The Board eventually reinstated Filar in August 1994 after concluding that her displacement was improper.

Over the next several years, Filar taught in a traditional classroom setting and received either "satisfactory" or "excellent" overall reviews from Garvey.  Then, from 1997 to 1999, she supervised students in a computer lab where the instruction was computer-based; she received highest possible "superior" overall ratings for those two years.  In contrast, Rydberg received all "superior" reviews and Monaco received all "superior" and one "satisfactory" from 1994 to 1999 while teaching in traditional classroom settings.

In the summer of 1999, Garvey appointed Rydberg and Monaco to tenure-track positions.  Then, in September 1999, Garvey displaced Filar.  She filed a grievance with the Board, alleging the displacement was improper because she was not the least senior FTB.  The Board held a hearing concerning the grievance with Filar, two union representatives, and a hearing officer present.  The Board eventually upheld the displacement after concluding that Filar was the least senior FTB in the Polish bilingual program.

In 2004, Filar sued the Board for violations of the Age Discrimination in Employment Act (ADEA) and the Americans with Disabilities Act (ADA).  The district court granted summary judgment for the Board on both claims.  Filar appealed; we affirmed on the ADA claim but reversed on the ADEA claim.  *Filar v. Board of Educ. of City of Chicago*, 526 F.3d

1054 (7th Cir. 2008).  The district court then held a trial on the age discrimination claim. Filar attempted to prove that claim, at least in part, by showing that Garvey had appointed the younger comparators (Monaco and Rydberg) to tenure-track positions in the summer of 1999, leaving the older Filar as the only FTB in the Polish bilingual program and thus an easy target for displacement.  During the trial, the district court excluded evidence of Filar's 1993 displacement and grievance under Federal Rule of Evidence 403 after concluding the probative value was substantially outweighed by the danger of unfair prejudice and potential confusion of the issues—or in its own words, because delving into such events would necessitate a "mini trial."  The court also excluded evidence of the 1999 displacement hearing as hearsay and because the evidence would require a separate trial concerning that hearing.  It did, however, permit Filar to introduce a document in which the Board, before officially denying her grievance, briefly mentioned the hearing.  And over Filar's objection, the district court allowed the Board to introduce evidence of the comparators' and her performance evaluations dating back to 1992 and forbade Filar from discussing the gap in the evaluations that occurred due to her displacement in 1993–94.  After the close of the evidence, the jury returned a verdict for the Board.  Filar appeals, arguing she is entitled to a new trial based on the district court's allegedly improper rulings on the three aforementioned evidentiary issues.

II.

We first address Filar's contention that the district court wrongly excluded evidence of her 1993 displacement based upon Federal Rule of Evidence 403.  Specifically, Filar claims that ruling permitted the Board to argue unhindered in its closing statement that because Garvey had hired her when she was 62-years-old in 1992, he was not discriminating against her because of her age when he displaced her in 1999.  As with all of the district court's evidentiary rulings, our review is for an abuse of discretion, and we give special deference to the court's assessment of the balance between probative value and potential for unfair prejudice and confusion of the issues under Rule 403.  *Thompson v. City of Chicago*, 472 F.3d 444, 453 (7th Cir. 2006).  We will reverse only if no reasonable person would agree with the trial court's decisions.  *Maher v. City of Chicago*, 547 F.3d 817, 823 (7th Cir. 2008).

According to Filar's offer of proof, she would have presented evidence that Garvey only hired her because Foreman High School was in a pinch for Polish bilingual teachers and that he displaced her a year later because the school's acute need for teachers had abated.  She also would have shown that Garvey hired two younger FTB teachers while she pursued her grievance.  In addition, Filar claims she would have shown that the Board eventually found her displacement to be improper and ordered her reinstated.  As the district court fairly perceived, exploring and resolving all of these points from over fifteen years earlier essentially would have required a trial-within-a-trial, which could have

blurred the distinction between the key issues concerning the 1999 displacement and the collateral ones surrounding the 1993 displacement. The court concluded that the probative value—if any—of delving into the circumstances surrounding the 1993 displacement was substantially outweighed by the danger of confusing matters for the jury. This was a reasonable decision entitled to special deference on appeal.

Next, Filar contends that the district court abused its discretion in permitting the Board on the one hand to introduce evidence of her performance evaluations dating back to 1992 but at the same time precluding her from explaining that the absence of an evaluation for 1993 was due to the first displacement. She concedes that the last two evaluations before the 1999 displacement are relevant but argues that her earlier evaluations are irrelevant concerning whether Garvey discriminated against her on the basis of age. Her position is inconsistent, but not surprising: Filar received "superior" ratings the two years immediately preceding her 1999 displacement for her performance in a computer lab. However, she received lower marks in previous years when she was teaching in a traditional classroom setting. By comparison, Monaco and Rydberg, who regularly taught in traditional classrooms, received higher marks than Filar did when she was teaching in a similar traditional classroom. The Board understandably wished to use this evidence to show that Garvey had legitimate, non-discriminatory reasons for promoting Monaco and Rydberg to tenure-track positions and passing over Filar. Thus, the evidence was probative of a determining fact in the case. Moreover, the district court's refusal to let Filar probe the gap in her ratings was consistent with its earlier ruling that evidence of the 1993 displacement should not be admitted. And there is no merit to Filar's argument that the gap was somehow prejudicial to her: the mere absence of an evaluation for one year would not create any unfavorable inference against her. The district court did not abuse its discretion on this issue.

Finally, Filar contends that the district court's exclusion of evidence concerning the 1999 grievance hearing was improper. Even assuming arguendo that is true, to obtain reversal Federal Rule of Civil Procedure 61 and Federal Rule of Evidence 103(a) require Filar to show that her substantial rights were affected. *Peals v. Terre Haute Police Dep't*, 535 F.3d 621, 630 (7th Cir. 2008); *Cruz v. Town of Cicero*, 275 F.3d 579, 589 (7th Cir. 2001). She cannot do this because the substance and significance of the excluded evidence is not reflected in the record.

After a district court has made a ruling excluding evidence, Federal Rule of Evidence 103(a)(2) requires that the substance of the evidence be made known by an offer of proof unless it is apparent from the context. That did not happen here. Instead, after the district court sustained the Board's objection to the line of questioning concerning the 1999 grievance hearing, Filar's counsel moved on, introducing the letter from the Board denying

Filar's grievance.  Her counsel did not make an offer of proof regarding what the evidence of the hearing would have shown or how it was material.  Nor is it apparent from the context.  Before the Board objected, Filar had just begun testifying about the 1999 grievance hearing and the persons present.  The district court could not discern from that snippet of testimony what transpired at the grievance hearing and what significance those events may have had; neither can we.  Because we have no basis for concluding that Filar was prejudiced by any error the district court may have made in excluding the evidence, her argument on this issue fails.  *United States v. Rettenberger*, 344 F.3d 702, 706 (7th Cir. 2003); *Israel Travel Advisory Serv., Inc. v. Israel Identity Tours, Inc.*, 61 F.3d 1250, 1260 (7th Cir. 1995).  On appeal, Filar claims that the evidence would have shown the Board failed to follow its internal procedures at the hearing, which she says is indicative of pretext.  But she forfeited the point by failing to comply with Rule 103(a)(2).  *United States v. Shay*, 57 F.3d 126, 135 (1st Cir. 1995); *see Germano v. Int'l Profit Ass'n, Inc.*, 544 F.3d 798, 801 (7th Cir. 2008).  To review the issue now would rive the Rule.

III.

Because we see no abuse of discretion in the district court's evidentiary rulings Filar challenges, the judgment is **AFFIRMED.**