**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**James BATEMON, Defendant–**
**Appellant.**

No. 01–4068.

United States Court of Appeals,
Seventh Circuit.

Submitted Oct. 25, 2002.*

Decided Oct. 31, 2002.

Before COFFEY, EASTERBROOK, and MANION, Circuit Judges.

**Order**

James Batemon pleaded guilty to possessing a firearm in furtherance of a drug offense, see 18 U.S.C. § 924(c)(1), and despite a prior felony conviction, see 18 U.S.C. § 922(g)(1). He appealed, but counsel deems the appeal frivolous and has moved to withdraw. See *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

In light of the guilty plea, many potential appellate arguments—such as that the charges were duplicative, or that the Commerce Clause does not support these criminal statutes—would now be frivolous, for a plea waives even antecedent constitutional issues. See, e.g., *United States v. Broce*, 488 U.S. 563, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989); *Tollett v. Henderson*, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973); *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *United States v. Martin*, 147 F.3d 529, 531–33 (7th Cir.1998).

This leads to the question whether a challenge to the plea would be frivolous. Batemon filed a response to counsel's *Anders* brief, telling us that he now rues his plea and wants to start over in the district court. Yet the principal reason he gives— a contention that the plea lacks a factual basis given the interpretation of § 924(c)(1) in *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995)—is itself frivolous. The reason why

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f).

the factual basis of the plea does not indicate that Batemon "used" the firearm, as *Bailey* defines "use," is that Congress has amended § 924(c)(1) and that Batemon, who committed his crime after the amendment, was indicted under the revised statute. He was charged with *possessing* a firearm "in furtherance of" a drug crime, and the record supplies an ample factual basis for a plea of guilty to that charge.

Batemon hints in his response that he is dissatisfied with counsel's performance; he accuses his lawyer of telling him that an unconditional guilty plea still permitted him to argue on appeal that particular evidence should have been suppressed. That advice, if given, was wrong; it takes a conditional plea to preserve issues for appeal. See Fed.R.Crim.P. 11(a)(2). But any challenge to counsel's performance depends on evidence not in the record, so it must be raised (if at all) by motion under 28 U.S.C. § 2255.

All that remains is the question whether Batemon could present a non-frivolous challenge to his sentence. We agree with counsel that he could not. The sentence of 106 months' imprisonment is the bottom of the Guideline range. No demand for a downward departure on account of medical circumstances would be within appellate jurisdiction, see *United States v. Franz*, 886 F.2d 973 (7th Cir.1989), and the place where Batemon serves his sentence is in the hands of the Bureau of Prisons, not the judiciary. See *United States v. Voda*, 994 F.2d 149, 151–52 (5th Cir.1993).

Counsel's motion to withdraw is granted, and the appeal is dismissed as frivolous.

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).