# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 04-2728

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

LELAND D. MARTIN,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Southern District of Indiana, New Albany Division.
No. NA 02-23-CR-01 B-F—**Sarah Evans Barker**, *Judge.*

ARGUED JANUARY 12, 2005—DECIDED MARCH 4, 2005

Before FLAUM, *Chief Judge*, and EASTERBROOK and WOOD, *Circuit Judges*.

EASTERBROOK, *Circuit Judge.* State and federal agents got wind of the possibility that Leland Martin had acquired guns and dynamite in preparation for robbing a bank. They arrested him on a warrant for an unrelated offense; once the agents appeared with warrant in hand, both Martin and his wife consented to a search of their home, where the agents found a gun and ammunition. A jury convicted him of possessing these, which someone with Martin's criminal record may not do. 18 U.S.C. §922(g)(1). His multiple priors led to a 210-month sentence under the Armed Career Criminal Act, 18 U.S.C. §924(e). Because a recidivism enhancement comes within *Almendarez-Torres v. United*

*States*, 523 U.S. 224 (1998), Martin has no complaint about the sentence. But he does contend that the judge should have suppressed the damning evidence. Consents are invalid, he insists, because the officers should not have been in his home to request them. Although the warrant was valid when issued, Martin says, it was stale when executed.

Martin had been charged with a misdemeanor in 1998 but failed to appear for trial. A state judge issued a bench warrant for his arrest. This the police failed to execute, because Martin had furnished a bogus address. About six months later the judge renewed the warrant with the notation: "Reissued 35-33-2-4." The reason for this procedure appears in the citation. Indiana Code §35-33-2-4 provides that an arrest warrant for a misdemeanor expires 180 days after issuance, but that "[a] warrant of arrest for a felony and a rearrest warrant for any offense do not expire." The statute does not define "rearrest warrant". The local prosecutor's office had told the police that a reissued warrant is a "rearrest warrant", which meant that this warrant was valid in 2002 when they set out to find Martin. The federal judge, however, concluded that the reissued misdemeanor warrant was not a "rearrest warrant" and had expired, but that the good-faith exception to the exclusionary rule applied to these circumstances. See *Arizona v. Evans*, 514 U.S. 1, 10-16 (1995); *United States v. Leon*, 468 U.S. 897 (1984). Thus Martin's motion to suppress the evidence on the ground that a wrongful arrest entry had tainted the consents was denied. 2004 U.S. Dist. LEXIS 3655 (S.D. Ind. Feb. 27, 2004).

In this court the parties debate how, if at all, the good-faith exception applies to a violation of Ind. Code §35-33-2-4. But the answer does not matter. There is no need to explore the scope of exceptions to the exclusionary rule, when it does not apply in the first place. Let us assume that the police did not have a "rearrest warrant." (This is not at all clear. Martin had been arrested and

directed to appear at trial; a bench warrant to pick him up again following his skip sensibly may be described as a "rearrest warrant.") Any shortcoming is one of state law only. The fourth amendment's rules for warrants do not include time limits. "[N]o Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." Martin does not deny that all of these requirements have been satisfied. Indiana is free to add additional restrictions, but state officials' failure to comply with state law does not lead to the exclusion of evidence in federal court. "In determining whether there has been an unreasonable search and seizure by state officers, a federal court must make an independent inquiry . . . . The test is one of federal law, neither enlarged by what one state court may have countenanced, nor diminished by what another may have colorably suppressed." *Elkins v. United States*, 364 U.S. 206, 223-24 (1960).

*Elkins* restricts the exclusionary rule to violations of the fourth amendment. This requires a court to assume that the state has authorized its agents to act exactly as they did, and then ask whether the Constitution countermands that decision. See *Gordon v. Degelmann*, 29 F.3d 295, 300-01 (7th Cir. 1994). Martin does not contend that the fourth amendment (or any other part of the Constitution) limits the time available to execute arrest warrants; indeed, Martin concedes that if this warrant is a "rearrest warrant" in Indiana practice, then his arrest and consent are valid.

Probable cause for a warrant is not necessarily enough. After all, the fourth amendment requires searches and seizures to be "reasonable." Passage of time could affect reasonableness, especially for search warrants that authorize the police to hunt for items that are portable (or consumable). An arrest might be thought unreasonable after the statute of limitations for the offense has lapsed. But see *Pickens v. Hollowell*, 59 F.3d 1203, 1206-

08 (11th Cir. 1995) (arrest proper even after period of limitations has expired). Delay in executing an arrest warrant also increases the likelihood that the suspect has turned himself in or been arrested on another charge during the interim. A misdemeanor charge might be cleared, and the penalty exacted, before the warrant had been executed, and such an arrest could be thought unreasonable. Police guarded against that risk, however, by checking to see whether the charge remained unresolved. It was, so Martin was still a fugitive at the time of his arrest. See *United States v. Towne*, 870 F.2d 880, 884 (1st Cir. 1989). The warrant was constitutionally valid and its execution reasonable, so the consents were untainted.

AFFIRMED

A true Copy:

Teste:

_____
*Clerk of the United States Court of Appeals for the Seventh Circuit*