UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 26, 2006[*]
Decided October 26, 2006

**Before**

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 06-1315

| | |
|---|---|
| JAMES BATEMON, JR., <br>     *Petitioner-Appellant*, | Appeal from the United States <br> District Court for the Eastern <br> District of Wisconsin |
|     *v.* | |
| | No. 2:03-cv-01234-RTR |
| UNITED STATES OF AMERICA, <br>     *Respondent-Appellee*. | |
| | Rudolph T. Randa, <br> *Chief Judge*. |

**O R D E R**

James Batemon appeals the denial of his collateral challenge to a conviction under 18 U.S.C. § 924(c). We affirm the judgment.

A Wisconsin court issued a warrant to search Batemon's residence, and during the search police and federal agents found cocaine and a digital scale in the kitchen, a loaded .38-caliber Derringer in the dining room, and a box of ammunition

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. Fed. R. App. P. 34(a)(2).

in another room. A federal grand jury charged Batemon with possession of a firearm by a felon, 18 U.S.C. § 922(g)(1), and possession of cocaine with intent to distribute, 21 U.S.C. § 841(a)(1). Batemon moved to suppress the items seized during the search, arguing that the warrant was executed after its expiration under Wisconsin law. The district court denied the motion on the ground that the warrant was executed within the longer period of time allowed in the Federal Rules of Criminal Procedure.

The parties then reached a plea agreement. The government agreed to dismiss the drug count in exchange for Batemon pleading guilty both to the § 922(g) count and to a newly filed information charging that he used and carried the Derringer during and in relation to the cocaine offense and, alternatively, possessed the gun "in furtherance of such crime," *see* 18 U.S.C. § 924(c)(1). The plea agreement identified the statutory elements and penalties for each offense and informed Batemon that his prison sentence for the § 924(c) count would run consecutively to any sentence imposed for the § 922(g) violation. In addition, the agreement specified that Batemon "acknowledges and understands that . . . he surrenders any claims he may have raised in any pretrial motion." Batemon signed the plea agreement below an acknowledgement that he executed it voluntarily after reviewing "every part" of the document and "all aspects" of the case with his lawyer.

At the change-of-plea hearing, Batemon told the district court under oath that no one had threatened him, or made any promises not memorialized in the plea agreement, to induce his guilty pleas. Batemon said he was satisfied with his lawyer but nonetheless accepted the court's invitation to speak with counsel off the record during the hearing. When the conversation ended, counsel informed the court that she had again discussed the § 924(c) count with Batemon and explained that it was "in lieu of" the dismissed drug charge. Counsel added that she had gone over the § 924(c) count with Batemon previously at the jail but had also "reviewed that again here with him this morning." The court asked Batemon if he understood, and Batemon said he did. The court then informed him about the maximum penalty under § 922(g) and the minimum and maximum sentences under § 924(c). Batemon proceeded to plead guilty, and the court later sentenced him to 46 months on the § 922(g) count and 60 months to run consecutively on the § 924(c) count.

Batemon filed a direct appeal, but the lawyer we appointed to replace trial counsel moved to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967), because he was unable to identify a nonfrivolous issue to pursue. We allowed counsel to withdraw and dismissed the appeal as frivolous. *United States v. Batemon*, 50 F. App'x. 320 (7th Cir. 2002). Batemon then moved to vacate his § 924(c) conviction, *see* 28 U.S.C. § 2255, on the grounds that (1) his guilty plea to that offense was rendered involuntary by the absence of an adequate factual basis and the district court's purported failure to inform him of the statutory elements

and penalties, and (2) his trial lawyer was ineffective because she purportedly failed to tell him about the elements of § 924(c) and misrepresented that even after pleading guilty he could still challenge on appeal the adverse ruling on his motion to suppress. The district court denied the motion but granted a certificate of appealability as to both claims. Batemon presses both on appeal.

Batemon's claim concerning the voluntariness of his guilty plea is frivolous. Because his present contention that the plea to the § 924(c) count lacked an adequate factual basis was presented on direct appeal, it cannot form the basis for his present claim under § 2255. In dismissing Batemon's direct appeal as frivolous, we noted that he "was charged with *possessing* a firearm 'in furtherance of' a drug crime, and the record supplies an ample factual basis for a plea to that charge." *Batemon*, 50 F. App'x. at 320 (emphasis by the court). The same answer applies to Batemon's assertion that during the plea colloquy the district court did not disclose the statutory elements. Batemon's appellate counsel identified this omission as another potential issue in his *Anders* brief, but we deemed the point frivolous without discussion. As appellate counsel noted, the elements were set out in the plea agreement, so the court's failure to recite them again was harmless. Batemon stated under oath during the colloquy that he understood the § 924(c) charge, and that statement is presumed to be truthful. *United States v. Loutos*, 383 F.3d 615, 619 (7th Cir. 2004); *United States v. Schuh*, 289 F.3d 968, 975 (7th Cir. 2002). Finally, as to the applicable penalties, the court told Batemon both the minimum and maximum prison term under the statute. The court neglected to mention that the sentence on the § 924(c) count would be consecutive, but, again, the plea agreement disclosed that detail.

Equally frivolous is Batemon's claim that trial counsel rendered ineffective assistance. Batemon alleged that counsel neglected to discuss with him the elements of § 924(c), but the record demonstrates this allegation to be false: Batemon acknowledged in his plea agreement that counsel "discussed all aspects" of the case with him, and he did not contradict counsel when she told the court during the plea colloquy that she had reviewed the § 924(c) charge with him both in the courtroom and previously at the jail. Moreover, the elements were spelled out in the plea agreement, and the government made an offer of proof at the plea colloquy, including the facts necessary to meet the § 924(c) charge. Batemon even agreed that those facts were correct.

And, finally, the absence of any conceivable prejudice answers Batemon's allegation that counsel misinformed him that his guilty plea would not preclude him from raising an argument on direct appeal about the denial of his motion to suppress. Batemon insists that Wis. Stat. § 968.15 requires that a search warrant be executed within "five days" of issuance, and that limit, he says, was exceeded in this case because the warrant for his residence was issued on February 4, 2001, at

10:45 a.m. but not executed until February 9, 2001, at 11:05 a.m. That was 20 minutes late by Batemon's calculation. But the district court was correct in holding that compliance with the state time limit is not controlling in assessing whether the search was reasonable. *See United States v. Martin*, 399 F.3d 879, 880-81 (7th Cir. 2005). Moreover, the premise of Batemon's motion is flawed because in fact the warrant was executed in a timely manner under state law. Batemon assumes that the fifth day ended at 10:45 a.m. on February 9, but under state law the officers were free to execute the warrant any time on the fifth day. *See State v. Edwards*, 297 N.W.2d 12, 14 (Wis. 1980) (holding that warrant issued September 23 at 12:20 p.m. and returned September 28 at 2:05 p.m. was executed within the prescribed 5 days, which did not begin to run until the day following the issuance of the warrant). Batemon's suppression motion was accordingly without merit, so counsel could not have prejudiced Batemon by telling him that the district court's denial of the motion could be challenged on appeal. *See United States v. Cieslowski*, 410 F.3d 353, 360 (7th Cir. 2005) (noting that defendant claiming ineffective assistance of counsel for failure to present a motion to suppress must establish that motion was meritorious); *United States v. Stewart*, 388 F.3d 1079, 1084 (7th Cir. 2004) (same).

AFFIRMED.