**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30227 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00097-WFN-1 |
| v. | |
| KEITH MARSHEL IVERS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Wm. Fremming Nielsen, Senior District Judge, Presiding

Argued and Submitted April 13, 2011
Seattle, Washington

Before: BEEZER, KLEINFELD, and SILVERMAN, Circuit Judges.

Keith Ivers appeals the district court's denial of his motion to suppress

statements and evidence taken by the FBI during a search of Ivers' home. Ivers

entered a conditional guilty plea to possession of child pornography, in violation of

18 U.S.C. § 2252A(a)(5)(B). We have jurisdiction under 28 U.S.C. § 1291. We

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

affirm the district court.

The facts are known to the parties. We do not repeat them.

"We review de novo the denial of a motion to suppress." *United States v. Crawford*, 372 F.3d 1048, 1053 (9th Cir. 2004) (en banc). We also review de novo whether a defendant was in custody for *Miranda* purposes, *United States v. Kim*, 292 F.3d 969, 973 (9th Cir. 2002), and "[w]hether the exclusionary rule applies to a given case," *Crawford*, 372 F.3d at 1053. We review the factual findings underlying these determinations for clear error. *Id.*; *Kim*, 292 F.3d at 973.

**I**

Because FBI agents did not inform Ivers of his right against self-incrimination, "the prosecution may not use statements . . . stemming from *custodial* interrogation of" Ivers. *Miranda v. Arizona*, 384 U.S. 436, 444 (1966) (emphasis added). Ivers was "in custody" if based on "the totality of the circumstances . . . a reasonable person in [Ivers'] position . . . would not have felt free to terminate the interrogation" and leave. *United States v. Craighead*, 539 F.3d 1073, 1082 (9th Cir. 2008). This is an objective determination. *United States v. Bassignani*, 575 F.3d 879, 883 (9th Cir. 2009).

We consider a number of factors to determine whether a defendant was in custody during questioning. In most cases we take into account: "'(1) the language

2

used to summon the individual; (2) the extent to which the defendant is confronted with evidence of guilt; (3) the physical surroundings of the interrogation; (4) the duration of the detention; and (5) the degree of pressure applied to detain the individual.'" *Kim*, 292 F.3d at 974 (quoting *United States v. Hayden*, 260 F.3d 1062, 1066 (9th Cir. 2001)). We also examine the following factors in the specific context of an in-home interrogation:

> (1) the number of law enforcement personnel and whether they were armed; (2) whether the suspect was at any point restrained, either by physical force or by threats; (3) whether the suspect was isolated from others; and (4) whether the suspect was informed that he was free to leave or terminate the interview, and the context in which any such statements were made.

539 F.3d at 1084.

Considering each of these factors, we conclude based on "the totality of the circumstances," *id.* at 1082, that Ivers was not in custody when Agent Floyd interviewed him. Several facts distinguish this case from *Craighead*, including the number of law enforcement officers, the officers' style of dress, the fact that the officers did not display weapons, and the location of the interview. *See id.* at 1084-89. Agent Floyd told Ivers that he was not under arrest and that he would not be arrested that day regardless of what he told police. *See Bassignani*, 575 F.3d at 886 (noting the significance of similar statements). The agents also allowed Ivers to speak with his wife over the phone, and Ivers himself describe his conversation

3

with Agent Floyd as cordial. A reasonable person in Ivers' situation would have felt free to end the conversation and leave.

## II

A search warrant "must clearly state what is sought," and "the scope of the warrant [must] be limited by the probable cause on which the warrant is based." *United States v. Hill*, 459 F.3d 966, 973 (9th Cir. 2006) (internal quotation marks omitted). The warrant here met both of these requirements.

The FBI could not have provided a more specific description of the items sought because, as in prior cases, the government knew that Ivers had received pornographic images "but had no way of knowing where the images were stored." *United States v. Hay*, 231 F.3d 630, 637 (9th Cir. 2000). The warrant was limited to items related to the crime, and the supporting affidavit explained the necessity of seizing electronic storage devices for later examination. *See Hill*, 459 F.3d at 976 (noting that officials must explain "why a wholesale seizure is necessary").

## III

Finally, FBI officials did not unreasonably delay in searching Ivers' computer. The Fourth Amendment requires officials to execute searches and seizures in a reasonable manner. *See United States v. Ankeny*, 502 F.3d 829, 836 (9th Cir. 2007). Electronic data searches may take longer than traditional searches

4

because "[e]lectronic storage facilities intermingle data making them difficult to retrieve" without close analysis "in a controlled environment." *United States v. Comprehensive Drug Testing, Inc.*, 621 F.3d 1162, 1175 (9th Cir. 2010) (en banc).

Given the circumstances of this case and the nature of the seized materials, the FBI acted diligently and offered a reasonable explanation for any delay.[1] Within a month of seizure, the FBI had searched the materials for contraband, had in fact found contraband, and had returned the only computer that did not contain contraband. The FBI held the remaining items pending a full forensic analysis, which the FBI prioritized based on legitimate public policy concerns. The FBI's actions were not unreasonable.

Ivers contends that the FBI violated Rule 41 of the Federal Rules of Criminal Procedure by taking more than 10 days to execute the warrant.[2] But even

---

[1] Ivers compares this case to *United States v. Dass*, 849 F.2d 414 (9th Cir. 1988), and *United States v. Mitchell*, 565 F.3d 1347 (11th Cir. 2009), but these cases are inapposite. In *Dass* and *Mitchell*, officials unreasonably delayed in *obtaining* a search warrant after a warrantless seizure, and the officials in those cases acted without diligence and without explanation for their delay. *See Mitchell*, 565 F.3d at 1353; *Dass*, 849 F.2d at 414-15.

[2] We note that in 2009, after the warrant here was issued, Rule 41 was amended to lengthen the time for executing a warrant and to clarify that when electronically stored information is sought, "[t]he time for executing the warrant refers to the seizure or on-site copying of the media or information, and not to any later off-site copying or review." *See* FED. R. CRIM. P. 41(e)(2)(B); *see also United States v. Syphers*, 426 F.3d 461, 468 (1st Cir. 2005) (quoting the pre-2009 rule).

5

if the FBI did violate Rule 41, suppression is not appropriate because there is no constitutional violation, no evidence that Ivers "was prejudiced" by the delay, and no indication that the "officers acted in intentional and deliberate disregard of" Rule 41. *United States v. Weiland*, 420 F.3d 1062, 1071 (9th Cir. 2005) (internal quotation marks omitted). To the extent that the government unlawfully deprived Ivers of his property, Ivers was not without recourse. He could have filed a motion to return property at any time. Fed. R. Crim. P. 41(g). He simply did not do so.

**AFFIRMED.**