RYAN, Judge
(dissenting):
A military judge’s ruling on a motion to suppress is reviewed for an abuse of discretion. United States v. Cowgill, 68 M.J. 388, 390 (C.A.A.F.2010). “ ‘An abuse of discretion occurs if the military judge’s findings of fact are clearly erroneous or if the decision is influenced by an erroneous view of the law.’ ” Id. (quoting United States v. Quintanilla, 63 M.J. 29, 35 (C.A.A.F.2006)). Here, the military judge excluded the evidence seized during the search of Appellant’s hard drive solely because the search was “executed well outside the time period” set forth in the warrant without undertaking the appropriate fact-intensive inquiry into whether the delayed search was “unreasonable” under the Fourth Amendment.[1] Id. This per se exclusion reflected an erroneous view of the law, one further supported by the majority in this case, and I respectfully dissent.
The Fourth Amendment protects, in relevant part, “against unreasonable searches and seizures.” U.S. Const, amend. IV. Searches and seizures conducted in the absence of a warrant are presumptively unreasonable, in the constitutional sense. See, e.g., United States v. Daniels, 60 M.J. 69, 71-72 (C.A.A.F.2004) (citing Camara v. Municipal Court of San Francisco, 387 U.S. 523, 87 S.Ct. 1727, 18 L.Ed.2d 930 (1967)). The Fourth Amendment requires that warrants permitting a search and seizure: (1) be based on probable cause; (2) be supported “by Oath or affirmation”; and (3) “particularly describ[e] the place to be searched, and the persons or things to be seized.” U.S. Const, amend. IV.
In this case, no one disagrees that (1) there was a warrant, (2) there was probable cause supported by sworn testimony, and (3) the warrant described with particularity the place to be searched and the things to be seized. Nevertheless, the majority concludes that the search violated the Fourth Amendment without explaining how, if at all, the “search” of the hard drive was constitutionally unreasonable. Rather, it relies on the same fact fixed upon by the military judge— that a time limit set forth in the warrant was violated.[2]
“The Fourth Amendment does not specify that search warrants contain expiration dates ... [and it] contains no requirements about when the search or seizure is to occur or the duration.” United States v. Gerber, 994 F.2d 1556, 1559-60 (11th Cir.1993); see also United States v. Syphers, 426 F.3d 461, 469 (1st Cir.2005) (quoting same); United States v. Martin, 399 F.3d 879, 881 (7th Cir.2005) (“The fourth amendment’s rules for warrants do not include time limits.”). Rather, “[t]he general touchstone of reasonableness which governs Fourth Amendment analysis ... governs the method of execution of the warrant.” United States v. Ramirez, 523 U.S. 65, 71, 118 S.Ct. 992, 140 L.Ed.2d 191 (1998); see also Dalia v. United States, 441 U.S. 238, 258, 99 S.Ct. 1682, 60 L.Ed.2d 177 (1979). Given that the Fourth Amendment makes no *51 reference to time limitations, the fact that a magistrate judge chooses to place one in a warrant does not elevate that time limit to a constitutional requirement. Rather, the touchstone is whether the failure to search the hard drive within the time limit was constitutionally “unreasonable.”
Neither this Court nor the Supreme Court have specifically addressed the question whether an electronic search conducted after the expiration of a warrant’s time requirement is unreasonable under the Fourth Amendment. However, when analyzing the more general issue of whether delayed electronic searches are unreasonable, a number of federal jurisdictions apply some variation of the Syphers test, which asks whether (1) the delay resulted in a lapse of probable cause, (2) the defendant was prejudiced, or (3) the police acted in bad faith to circumvent federal requirements. 426 F.3d at 469; see also United States v. Brewer, 588 F.3d 1165, 1173 (8th Cir.2009) (“[0]ur analysis ... considers only whether the delay rendered the warrants stale.”); United States v. Burgess, 576 F.3d 1078, 1097 (10th Cir.2009) (asking whether “there was prejudice in the sense that the search might not have occurred” and finding that probable cause was unaffected by the delay); United States v. Hodges, No. 1:09-CR-562-GAP-LTW, 2010 U.S. Dist. LEXIS 118437, at *11-*12, 2010 WL 4639238, at *4 (N.D.Ga.2010) (Walker, Mag. J.), adopted by United States v. Hodges, No. 1:09-CR-562-GAP, 2010 U.S. Dist. LEXIS 118444, 2010 WL 4638872 (N.D.Ga.2010) (denying motion to suppress because probable cause continued to exist, the government did not act in bad faith, and there was no prejudice to the defendant); United States v. Burns, No. 07 CR 556, 2008 U.S. Dist. LEXIS 35312, at *27-*28, 2008 WL 4542990, at *9 (N.D.Ill.2008) (denying motion to suppress when defendant did not assert that delay affected probable cause or police acted in bad faith).
The majority declines to apply the Syphers test because (1) here, unlike in Syphers, the search violated the warrant’s explicit terms, and (2) “Syphers focused primarily on the effect of delay in executing the search, and concomitantly, probable cause,” whereas in this case, the time limitation serves to protect Appellant’s “possessory interest in noncriminal materials.” Cote, 72 M.J. at 45. First, there is no authority for the proposition that every and any explicit term in a warrant bears constitutional weight simply because a magistrate chose to place it there. Rather, the focus of the cases where failure to comply with explicit terms of a warrant were found to have constitutional consequences were where the explicit terms violated were required by the Fourth Amendment — the place to be searched, and the persons or things to be seized. See, e.g., Ybarra v. Illinois, 444 U.S. 85, 91-92, 100 S.Ct. 338, 62 L.Ed.2d 238 (1979) (“Although the search warrant, issued upon probable cause, gave the officers authority to search the premises and to search [the bartender,] it gave them no authority whatever to invade the constitutional protections possessed individually by the tavern’s customers.”); Bowling v. Rector, 584 F.3d 956, 971 (10th Cir.2009) (“Where, as here, a warrant clearly and precisely specifies items to be seized, and the officers executing the warrant seize additional items, those officers act unreasonably for Fourth Amendment purposes unless their conduct may be justified under an exception to the warrant requirement.”); United States v. King, 227 F.3d 732, 750-52 (6th Cir.2000) (concluding that a search was unreasonable where law enforcement exceeded the scope of a warrant that authorized the search of a duplex’s first-floor unit by searching the basement).
Moreover, the majority, in determining that the Government unreasonably interfered with Appellant’s “possessory interest in noncriminal materials,” Cote, 72 M.J. at 45, substantially relies on the fact that the warrant’s time limitation was violated and fails to balance this interest against the Government’s countervailing interest in extracting evidence from the damaged hard drive where there was strong probable cause to believe that the hard drive contained child pornography, and that probable cause eontin- *52 ued to exist throughout the duration of the seizure.[3]
The majority further ignores the fact that other federal jurisdictions have applied some variation of the Syphers test to instances where law enforcement violated a warrant’s time requirement. In Burgess, the 10th Circuit applied a variation of the Syphers test to hold that the violation of a warrant’s time requirement was not constitutionally unreasonable. Burgess, 576 F.3d at 1097 (“The same analysis applies whether it is a violation of the warrant itself, or a violation of Rule 41 per se.” (quotation marks and citation omitted)). Likewise, the Northern District of Georgia in Hodges concluded that the examination of the defendant’s hard drives after the expiration of the warrant was not “an unreasonable search amounting to a constitutional violation requiring suppression.” 2010 U.S. Dist. LEXIS 118437, at *8, 2010 WL 4639238, at *3; see also United States v. Hernandez, 183 F.Supp.2d 468, 480-81 (D.P.R.2002) (holding that the examination of computer discs conducted after the warrant’s deadline was reasonable).
The military judge erred in shorteutting the requisite fact-intensive inquiry to determine whether the Government’s conduct was reasonable under the Fourth Amendment.[4] Here, the record shows that efforts to search the damaged hard drive ground to a halt because the investigating agent from the North Dakota Bureau of Criminal Investigation (NDBCI), Special Agent (SA) Harstad, had neither the expertise nor the resources to access its contents.[5] After SA Harstad exhausted his attempts to search the hard drive on August 18, 2008, the inoperable hard drive was transferred to the Air Force Office of Special Investigations (AFOSI) at Minot Air Force Base, where it was stored in an evidence locker. The record is unclear as to who maintained primary control of the investigation at that time.
Eleven months later, on July 17, 2009, the Government informed SA Harstad that it did not have enough evidence tying Appellant to the child pornography. In early September, 2009, AFOSI sent the hard drive to the Defense Computer Forensic Laboratory (DCFL) for repair. The DCFL — the only laboratory within the Department of Defense (DOD) capable of such work — employs only three technicians trained in hard drive repair. SA Harstad, who had originally taken part in the search of Appellant’s room, received the hard drive and a forensic image of its contents from the DCFL on October 6, 2009, and conducted a search of the forensic image that revealed child pornography files.
In assessing whether the search was constitutionally unreasonable, the military judge should have considered that the hard drive sat in an AFOSI evidence locker for over a year and the warrant expressly allowed for the time limitation to be extended for good cause. The military judge should have also recognized that in the context of electronic searches, courts “have permitted some delay in the execution of search warrants involving computers because of the complexity of the search.” Syphers, 426 F.3d at 469; see also United States v. Ivers, 430 Fed.Appx. 573, 575 (9th Cir.2011) (“Electronic data searches may take longer than traditional searches .... ” (quotations and citation omitted)); United States v. Triumph Capital Group, 211 F.R.D. 31, 51 (D.Conn.2002) (“[CJomputer searches ... cannot be subject to any rigid time limit because they involve ... more preparation and a greater degree of care in their execution.”).
*53 Another factor to consider is that probable cause to believe Appellant’s external hard drive contained child pornography continued to exist at the time of the search. In fact, the earlier discovery of child pornography on one of Appellant’s computers during the initial search of Appellant’s room bolstered the magistrate judge’s probable cause determination as to the existence of child pornography on the external hard drive. Furthermore, there was little risk that this probable cause determination would lapse because the damaged hard drive remained unchanged in the continuous custody of law enforcement.
The military judge should have also considered whether Appellant was prejudiced from the delay and whether law enforcement acted in bad faith to circumvent the Fourth Amendment’s requirements. With regard to whether Appellant was prejudiced, the record shows (1) the hard drive was seized within the time limitation set by the warrant, (2) there is no showing that Appellant could have avoided the search at a later time because of a lack of probable cause, and (3) there is no showing or allegation that the belated search affected his ability to defend himself.
Finally, to determine whether law enforcement exhibited bad faith in delaying the search, the military judge should have considered that (1) the search of this particular hard drive could only be facilitated by a small group of technicians at a single facility within the DOD; (2) the original agency investigating Appellant, the NDBCI, did not have the resources to repair the broken hard drive; and (3) the record is less than clear on when the case was turned over to the Air Force for prosecution or whether the Air Force was informed about the time limitations placed on the warrant by the civilian magistrate judge.
An appropriate reasonableness inquiry under the Fourth Amendment would have considered all of these factors. The military judge considered none of them. In concluding that the Government’s failure to comply with the warrant’s time limitation — a term neither mentioned in nor required by the Fourth Amendment — necessitated exclusion of the evidence seized during the search without conducting an appropriate reasonableness analysis, the military judge abused her discretion by excluding the evidence in this case.

. The military judge supported her conclusion that the searches of Appellant's hard drive and laptop were "unlawful” and that, "therefore, any evidence seized during those searches is hereby inadmissible” with three findings of fact: (1) "that the warrant issued in this case specifically stated that the search of any electronic device or storage media seized from the accused was to be searched within 90 days; unless the judge extended that date with good cause shown;” (2) that "the government [did not] request an extension of that time period;” and (3) that "after [the ninety-day] time period had elapsed, the government conducted additional analyses]” of the laptop and hard drive.

. The majority purports to recognize that an electronic search conducted after the expiration of a warrant’s time requirement does not constitute a per se violation of the Fourth Amendment, United States v. Cote, 72 M.J. 41, 45 (C.A.A.F.2013), and should be analyzed under "the ultimate touchstone of any Fourth Amendment inquiry ... reasonableness,” id. at 45 (citing Florida v. Jimeno, 500 U.S. 248, 250, 111 S.Ct. 1801, 114 L.Ed.2d 297 (1991)), yet the only fact it cites in support of the electronic search being unreasonable is that the search was conducted after the expiration of the warrant’s time requirement.

. I further note that (1) Appellant made no claim that this seizure unreasonably interfered with his possessory interest before either this Court or the United States Air Force Court of Criminal Appeals, and (2) there is no evidence in the record that Appellant, at any time, requested the return of his property.

. An appropriate framework for assessing reasonableness in the context of an electronic search is the test set forth in Syphers, which asks whether (1) the delay resulted in a lapse of probable cause, (2) the defendant was prejudiced, or (3) the police acted in bad faith to circumvent federal requirements. 426 F.3d at 469.

.In setting the ninety-day lime limitation, the magistrate judge could not have known that the hard drive was damaged because the drive was only discovered after the search of Appellant's room, which occurred after the magistrate judge issued the warrant.