UNITED STATES, Appellee

v.

Joshua S. DANIELS, Seaman Apprentice
U.S. Navy, Appellant

No. 03-0614/NA

Crim. App. No. 200001604

United States Court of Appeals for the Armed Forces

Argued March 17, 2004

Decided June 28, 2004

<u>Counsel</u>

For Appellant: <u>Major Charles R. Zelnis</u>, USMC (argued); <u>Captain Bruce H. Bokony</u>, JAGC, USNR, <u>Lieutenant Colonel Eric B. Stone</u>, USMC, and <u>Lieutenant Commander Eric J. McDonald</u>, JAGC, USN.

For Appellee: <u>Captain Glen R. Hines, Jr.</u>, USMC (argued); Commander <u>Robert P. Taishoff</u>, JAGC, USN (on brief); <u>Colonel M. E. Finnie</u>, USMC.

Amicus Curiae for Appellant: <u>William J. Brown</u> (law student) (argued); <u>Steven H. Goldblatt, Esq.</u> (director), <u>Elizabeth B. Wydra, Esq.</u> (supervising attorney), and <u>Amy Wilkinson-Hagen</u> (law student) (on brief) – for the Georgetown University Law Center Appellate Litigation Program.

Military Judge: L. T. Booker, Jr.

**<u>THIS OPINION IS SUBJECT TO EDITORIAL CORRECTION BEFORE FINAL PUBLICATION</u>.**

PER CURIAM:

Appellant was charged with a single specification of wrongful cocaine possession, in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a (2000). Prior to trial, Appellant moved to suppress the sole piece of Government evidence – a vial of cocaine retrieved by his roommate (Seaman Apprentice (SA) Voitlein)) from a nightstand drawer used by Appellant, at the direction of the Military Training Instructor Leading Chief Petty Officer, Chief Wilt, on the ground that the retrieval of the evidence violated Appellant's Fourth Amendment reasonable expectation of privacy. The military judge denied the motion, finding that although Appellant had a Fourth Amendment expectation of privacy in the nightstand drawer, the retrieval of the evidence was not a "government search" for Fourth Amendment purposes.

Appellant thereafter entered a conditional guilty plea to the charge, and was sentenced to confinement for a period of 45 days, reduction to E-1, and a bad-conduct discharge. The United States Navy-Marine Corps Court of Criminal Appeals (CCA) affirmed the findings and sentence as approved by the convening authority. United States v. Daniels, 58 M.J. 599, 606 (N-M. Ct.

Crim. App. 2003).  This Court subsequently granted review of the

following two issues:[*]

    I.    WHETHER THE LOWER COURT'S DEFINITION OF WHAT
          CONSTITUTES A "SEARCH" FOR PURPOSES OF THE FOURTH
          AMENDMENT OF THE UNITED STATES CONSTITUTION AND
          MILITARY RULE OF EVIDENCE 311(a) IS CONTRARY TO
          UNITED STATES SUPREME COURT PRECEDENT.

    II.   WHETHER THE LOWER COURT ERRED AS A MATTER OF LAW
          WHEN IT CONCLUDED THAT ELECTRONICS TECHNICIAN
          SEAMAN APPRENTICE VOITLEIN WAS NOT ACTING AS AN
          AGENT FOR THE GOVERNMENT WHEN, PURSUANT TO THE
          DIRECTION OF CHIEF ELECTRONICS TECHNICIAN (SS)
          WILT "THE KEY GOVERNMENT ACTOR," HE SEIZED THE
          INCRIMINATING EVIDENCE.

Answering both issues affirmatively, we reverse the decision of

the lower court.

## FACTS

    On the evening of March 29, 2000, Appellant entered his

barracks room holding a brown plastic vial.  He displayed this

vial to his two roommates, including SA Voitlein, and announced

that the vial contained cocaine mixed with a tranquilizer.

While his roommates looked on, Appellant placed the vial in a

can of snuff tobacco in the top drawer of his bedside

nightstand.  The following day, SA Voitlein searched out Chief

---

[*] We heard oral argument in this case at the Georgetown
University Law Center, Washington, D.C., on March 17, 2004, as
part of "Project Outreach."  This practice was developed as part
of a public awareness program to demonstrate the operation of a
Federal Court of Appeals and the military criminal justice
system.

Wilt, the Military Training Instructor Leading Chief, and told him what had transpired the previous evening. In response, Chief Wilt directed SA Voitlein to retrieve the vial from the nightstand drawer, as Chief Wilt himself was otherwise occupied. SA Voitlein returned to the barracks room, retrieved the vial, and delivered it to Chief Wilt. The CCA found that at the time Chief Wilt ordered SA Voitlein to retrieve the vial, Chief Wilt "surmised that Appellant had been merely joking with his roommates" about the vial's contents. Id. at 601. Nevertheless, subsequent testing revealed that the vial contained cocaine.

## DISCUSSION

The Fourth Amendment by its express terms protects individuals against unreasonable searches and seizures. "Under the Military Rules of Evidence, which implement the Fourth Amendment, evidence illegally seized by government agents from a protected place is inadmissible." United States v. Hester, 47 M.J. 461, 463 (C.A.A.F. 1997)(citing Military Rules of Evidence 311-317)[hereinafter M.R.E.]; see also United States v. Sullivan, 42 M.J. 360, 363-64 (C.A.A.F. 1995)(no Fourth Amendment violation when a military member acts in a purely private capacity). Appellant avers that his roommate SA Voitlein, acting as an agent of government official Chief Wilt,

unlawfully seized the vial of cocaine from a nightstand drawer used by Appellant.

Addressing Appellant's claim, the CCA considered whether there was a "search" within the meaning of the Fourth Amendment and whether SA Voitlein functioned as a government agent when he seized the vial from Appellant's drawer. It focused on the motivation behind Chief Wilt's request for SA Voitlein to retrieve the vial, as well as on SA Voitlein's private motivation, and concluded that the vial's retrieval was not a Fourth Amendment search conducted by a government agent. In the words of the CCA:

> [W]e find that Chief Wilt was simply not engaged in a quest for evidence of a crime. . . .
>
> . . . .
>
> Given Chief Wilt's honest belief that ETSA Voitlein's expressed concerns about Appellant actually having illegal drugs in their barracks room were unreasonable, we conclude that Chief Wilt's directions did not make ETSA Voitlein a Government agent on a quest for incriminating evidence. That being the case, there was no "search" [for Fourth Amendment purposes]. . . .
>
> Moreover, we find that when ETSA Voitlein actually seized the incriminating evidence, he was doing so out of a "private motivation" to protect his "own personal interests[,]" . . . [and therefore] insulated his action from the protections of the Fourth Amendment . . . .

Daniels, 58 M.J. at 604-06. We hold that the CCA erred on both accounts.

First, contrary to the CCA's motivational approach, the Supreme Court defines a Fourth Amendment "search" as a government intrusion into an individual's reasonable expectation of privacy. See Soldal v. Cook County, 506 U.S. 56, 69 (1992) (suggesting a motivational approach is unworkable); California v. Ciraolo, 476 U.S. 207, 211 (1986)(defining the expectation of privacy test as the "touchstone of Fourth Amendment analysis"). The Court's twofold "expectation of privacy" test asks, first, whether the individual by his conduct has "exhibited an actual (subjective) expectation of privacy and, second, [whether] the expectation [is] one that society is prepared to recognize as 'reasonable,'" Katz v. United States, 389 U.S. 347, 361 (1967), or, in other words, whether the expectation, "viewed objectively, is 'justifiable' under the circumstances," Smith v. Maryland, 442 U.S. 735, 740 (1979).

To this end, the military judge found that Appellant had a reasonable expectation of privacy in the nightstand drawer he used. The Government expressly conceded this point before the CCA. Therefore, we need not and do not address whether the military judge's determination was correct as a matter of law, or whether his factual conclusions were clearly erroneous. The military judge's ruling regarding Appellant's expectation of privacy is classic "law of the case." United States v. Grooters, 39 M.J. 269, 272-73 (C.M.A. 1994).

Moreover, the question of whether a private actor performed as a government agent does not hinge on motivation, but rather "on the degree of the Government's participation in the private party's activities, a question that can only be resolved 'in light of all the circumstances.'" Skinner v. Railway Labor Executives' Ass'n, 489 U.S. 602, 614-15 (1989)(internal citations omitted). To implicate the Fourth Amendment in this respect, there must be "clear indices of the Government's encouragement, endorsement, and participation" in the challenged search. Id. at 615-16.

In the instant case, rather than retrieve the vial on his own initiative and then bring it to Chief Wilt for consultation, SA Voitlein instead first consulted Chief Wilt about the issue, and then, only after he received the order from Chief Wilt to do so, retrieved the vial. In other words, Chief Wilt's specific order as a government official triggered SA Voitlein's actual seizure of the vial. In light of these facts, we hold that Chief Wilt clearly encouraged, endorsed, and participated in SA Voitlein's seizure of the vial and, accordingly, that SA Voitlein acted as Chief Wilt's agent when he seized the vial.

In reaching this conclusion, we note that it is possible that an individual functioning as a government agent might at the same time own or exercise adequate control over the property searched that he or she could lawfully consent to the search.

7

United States v. Daniels, No. 03-0614/NA

See United States v. Matlock, 415 U.S. 164 (1974).
Nevertheless, in this case, the military judge determined that
Appellant had a reasonable expectation of privacy in the drawer,
which extended to his roommates as well as the Government.
Implicit in this ruling is the fact that SA Voitlein did not
have adequate control of the nightstand to exercise independent
authority to consent.

Given SA Voitlein's role as a government agent, the
warrantless search of the nightstand drawer used by Appellant to
seize the vial of cocaine was unlawful.  See Camara v. Municipal
Court of San Francisco, 387 U.S. 523, 528-29 (1967)(warrantless
search of private property without proper consent is per se
unreasonable with a few exceptions).  The military judge
therefore erred in admitting the cocaine vial into evidence at
trial.  See M.R.E. 311(a) (evidence obtained from an unlawful
search or seizure is inadmissible against an accused).

DECISION

The decision of the United States Navy-Marine Corps Court
of Criminal Appeals is reversed, the findings and sentence are
set aside, and the record of trial is returned to the Judge
Advocate General of the Navy.  A rehearing is authorized.