UNITED STATES, Appellee

v.

Adam G. COTE, Airman First Class
U.S. Air Force, Appellant

No. 12-0522

Crim. App. No. 37745

United States Court of Appeals for the Armed Forces

Argued November 27, 2012

Decided March 8, 2013

ERDMANN, J., delivered the opinion of the court, in which
STUCKY, J., and Cox, S.J., joined.  BAKER, C.J., filed a
separate opinion concurring in part and dissenting in part.
RYAN, J., filed a separate dissenting opinion.

Counsel

For Appellant:  Frank J. Spinner, Esq. (argued); Captain Travis
K. Ausland (on brief).

For Appellee:  Captain Tyson D. Kindness (argued); Lieutenant
Colonel C. Taylor Smith, Captain Brian C. Mason, and Gerald R.
Bruce, Esq. (on brief); Major Charles G. Warren.

Military Judges:  Don M. Christensen, Paula B. McCarron, Nancy
J. Paul, and Michael J. O'Sullivan

**This opinion is subject to revision before final publication.**

United States v. Cote, No. 12-0522/AF

Judge ERDMANN delivered the opinion of the court.

Contrary to his pleas, Airman Adam Cote was convicted by a general court-martial with members of one specification of possessing child pornography, in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934 (2006). He was sentenced to a bad-conduct discharge, confinement for twelve months, forfeiture of all pay and allowances, and reduction to E-1.  The convening authority approved the adjudged sentence except for the forfeitures.  The United States Air Force Court of Criminal Appeals (CCA) affirmed the findings and the sentence.  United States v. Cote, No. ACM 37745, 2012 CCA LEXIS 106, at *17, 2012 WL 1058985, at *6.  (A.F. Ct. Crim. App. Mar. 28, 2012).

While "technical" or "de minimis" violations of a search warrant's terms do not warrant suppression of evidence, United States v. Sims, 428 F.3d 945, 955 (10th Cir. 2005), generally "the search and seizure conducted under a warrant must conform to the warrant or some well—recognized exception."  United States v. Upham, 168 F.3d 532, 536 (1st Cir. 1999) (citing Marron v. United States, 275 U.S. 192, 196-97 (1927)).  We granted review to determine whether a search conducted in violation of a search warrant's post-seizure time limitation renders the search unreasonable.[1]  We conclude that under the

---

[1] Specifically we granted review on the following issue:

United States v. Cote, No. 12-0522/AF

circumstances of this case, the Government's violation of the warrant's time limits for conducting an off-site search of the seized electronic device constituted more than a "de minimis" violation of the warrant and resulted in an unreasonable search. We therefore reverse the decision of the CCA.

Background

On May 30, 2008, Special Agent (SA) Steven Harstad of the North Dakota Bureau of Criminal Investigation (NDBCI), commenced an online child pornography investigation.  He connected to a peer-to-peer network and discovered one user in the state of North Dakota sharing child pornography.  He contacted Brian Novesky, a United States Immigration and Customs Enforcement Special Agent and requested assistance in identifying the individual associated with the IP address he had found.  SA Novesky determined that the IP address was registered to Cote. On July 1, 2008, Novesky applied for and received a search warrant from a federal magistrate judge in North Dakota for Cote's dorm room at Minot Air Force Base.

The warrant authorized the search and seizure of "[c]omputers," "[c]omputer input and output devices" and

---

Whether evidence found on Appellant's computer should be suppressed because it was found pursuant to a search that violated the terms of the warrant.

United States v. Cote, 71 M.J. 361 (C.A.A.F. July 12, 2012) (order granting review).

3

"[c]omputer storage media and digital content" for "[i]mages or visual depictions of the sexual exploitation of children."  The warrant allowed the Government ten days from issuance to conduct the search.  It also provided that any electronic devices or storage media seized under the warrant must be searched within ninety days of issuance, unless "for good cause demonstrated, such date is extended by an order of the Court."[2]  The special agents who executed the warrant had dealt with this limitation before and had, in prior investigations, requested extensions of time.

The special agents searched Cote's dorm room on July 2, 2008, and seized a Sony laptop computer, an HP laptop computer, a digital camera and a WD external hard drive.  Although evidence of child pornography was eventually discovered on both of the two laptop computers, SA Harstad was unable to access the WD external hard drive because it was broken.  His final examination of the WD hard drive occurred on August 18, 2008, when he was again unsuccessful in reading the drive.  Although

---

[2] The warrant contained an "ADDENDUM TO SEARCH WARRANT RE[:] ELECTRONIC DEVICES, STORAGE MEDIA, AND ELECTRONIC DATA" which provided, in pertinent part:

  1. The search of any Electronic Device or Storage Media authorized by this warrant shall be completed within 90 days from the date of the warrant unless, for good cause demonstrated, such date is extended by an order of the Court.

The term of ninety days was handwritten into the warrant.

the record does not identify the date, at some point after August 18, 2008, the case was transferred to the Air Force.

Ninety days after the issuance of the warrant, on September 28, 2008, the WD external drive had not been searched nor had the agents or the Air Force Office of Special Investigations (AFOSI) requested an extension of time in which to search the device. On September 8, 2009, well over a year after the warrant was issued, AFOSI at Minot AFB submitted a request to the Defense Computer Forensics Laboratory (DCFL) to see if they could repair the WD external drive. The laboratory was able to repair the drive and created a digital copy which was eventually returned to SA Harstad. SA Harstad subsequently analyzed the digital copy and discovered evidence of child pornography. As a result of this evidence, the Government referred a Second Additional Charge against Cote alleging, under Article 134, UCMJ, possession of "visual depictions of minors engaging in sexually explicit conduct, such conduct being of a nature to bring discredit upon the armed forces."[3]

At trial, Cote filed a motion to suppress all evidence obtained from the searches of the laptops and the WD external drive that occurred after the ninety-day period specified in the

---

[3] In total, Cote was charged with three specifications of "knowingly [possessing] visual depictions of minors engaging in sexually explicit conduct" and one specification of "knowingly [distributing] visual depictions of minors engaging in sexually explicit conduct," all in violation of clause 2 of Article 134, UCMJ, 10 U.S.C. § 934 (2006).

warrant.  Following argument by the parties, the military judge granted the motion to suppress because the computers and the WD external drive were searched outside of the ninety-day limit contained in the warrant and the searches were therefore "unlawful."

The Government filed for review of the military judge's ruling under Article 62, UCMJ, 10 U.S.C. § 862 (2006).  The CCA held that the military judge erred in excluding evidence from the two laptops as SA Harstad had searched the laptops within the ninety days specified in the warrant and had copied and stored the electronic data which he obtained from those searches.  United States v. Cote, Misc. Dkt. No. 2009-15, 2010 CCA LEXIS 186, at *6-*9 (A.F. Ct. Crim. App. Apr. 6, 2010).  As to the WD external drive, the CCA agreed with the military judge that the DCFL search of the device violated the ninety-day time limit in the warrant for searching electronic devices and storage media, but went on to find that the military judge erred in concluding that the violation required suppression of the evidence.  Id. at *9-*18.  Cote subsequently appealed the CCA decision to this court but we declined to review the case at that time.  United States v. Cote, 69 M.J. 210 (C.A.A.F. 2010).

The case was remanded and the trial proceeded with all of the images admitted into evidence.  Cote was acquitted of all charges except the Second Additional Charge of possession of

sexually explicit visual depictions of minors, which was based solely on the evidence found on the WD external drive.  The CCA affirmed the conviction on direct appeal and, as to the suppression issue, affirmed on the same grounds which it relied on in the earlier Article 62, UCMJ, ruling.  Cote, 2012 CCA LEXIS 106 at *2-*10, 2012 WL 1058985, at *1-*4.  Cote appeals to this court challenging the CCA's determination that, while the DCFL search of the WD external drive violated the ninety-day time limit in the warrant, the evidence was nonetheless admissible.

Discussion

Under the circumstances presented in this case, we are reviewing the military judge's initial ruling that suppressed the evidence obtained from the WD external drive.[4]  We review a military judge's ruling on a motion to suppress for abuse of discretion.  United States v. Monroe, 52 M.J. 326, 330 (C.A.A.F. 2000).  We review findings of fact under the clearly erroneous standard and conclusions of law de novo.  United States v. Rodriguez, 60 M.J. 239, 246 (C.A.A.F. 2004).

---

[4] On direct review of an issue which was previously the subject of an Article 62, UCMJ, interlocutory appeal, we review whether the military judge's initial decision was an abuse of discretion.  See United States v. Mosley, 42 M.J. 300, 302-04 (C.A.A.F. 1995) (reviewing the initial decision under an abuse of discretion standard even though it was reversed on an Article 62, UCMJ, interlocutory appeal).

United States v. Cote, No. 12-0522/AF

Prior to 2009, Fed. R. Crim. P. 41(e)(2)(A) (Searches and Seizures) required that a warrant to search or seize property be executed within ten days.  In 2009, however, the rule was amended, adding section 41(e)(2)(B) which provided, in part, as follows:

> (B) Warrant Seeking Electronically Stored Information. A warrant under Rule 41(e)(2)(A) may authorize the seizure of electronic storage media or the seizure or copying of electronically stored information.  Unless otherwise specified, the warrant authorizes a later review of the media or information consistent with the warrant.  The time for executing the warrant in Rule 41(e)(2)(A) and (f)(1)(A) refers to the seizure or on-site copying of the media or information, and not to any later off-site copying or review.[5]

This rule reflects a principle also recognized by the judiciary -- that courts "[cannot] expect the government to make onsite determinations of whether a file or document contained on a hard drive or in an email account falls within the scope of the warrant."  United States v. Metter, 860 F. Supp. 2d 205, 214 (E.D.N.Y. 2012).  For this reason courts have considered seizure of electronic materials and later off-site analysis and review of them to be a constitutionally reasonable "necessity of the digital era."  Id. (citing United States v. Burns, 2008 U.S. Dist. LEXIS 35312, 2008 WL 4542990 (N.D. Ill. Apr. 29, 2008)).

---

[5] The 2009 amendment also changed the execution requirement to fourteen days, rather than ten, due to an unrelated change in Fed. R. Crim. P. 45(a) to the method for counting days.  Fed. R. Crim. P. 41 advisory committee's note.

United States v. Cote, No. 12-0522/AF

While many circuits have recognized that "[t]he Fourth Amendment does not specify that search warrants [must] contain expiration dates . . . [or] requirements about when the search or seizure is to occur or the duration," United States v. Gerber, 994 F.2d 1556, 1559 (11th Cir. 1993), in this case we are dealing with a search warrant in which the judge established just such a requirement.[6]

Cote simply argues that since the search of the WD external drive violated the terms of the warrant, the evidence should have been suppressed. Rather than addressing the specific terms of the warrant, the Government argues that any delay in executing the warrant was reasonable. Noting that this court

---

[6] Even if there were no time limitation contained in the warrant for conducting the off-site search, we think that the Government nevertheless remains bound by the Fourth Amendment to the extent that all seizures must be reasonable in duration. Metter, 860 F. Supp. 2d at 212 ("[T]he manner in which the government executes the warrant must comport with the Fourth Amendment's reasonableness standard"); United States v. Mutschelknaus, 564 F. Supp. 2d 1072, 1076 (D.N.D. 2008) ("The Fourth Amendment only requires that the subsequent search of the computer be made within a reasonable time."); United States v. Grimmett, 2004 U.S. Dist. LEXIS 26988, at *14, 2004 WL 3171788, at *5 (D. Kan. Aug. 10, 2004), aff'd, 439 F.3d 1263 (10th Cir. 2006). In addition, the committee notes to Fed. R. Crim. P. 41(e)(2)(B), which addresses off-site copying and review state that:

> While consideration was given to a presumptive national or uniform time period [for] off-site copying or review . . . there is no basis for a "one size fits all" presumptive period . . . [but] [i]t [is] not the intent of the amendment to leave the property owner without an expectation of the timing for return of the property . . . .

Fed. R. Crim. P. 41 advisory committee's note.

9

has not had the opportunity to examine a case with similar facts, the Government urges us to adopt the three-factor test for delay set out in United States v. Syphers, 426 F.3d 461, 469 (1st Cir. 2005).[7]

Syphers, however, does not involve a violation of an explicit term in a warrant and we do not believe it is on point.[8] In fact, the district court in Syphers explicitly noted that "the court [was] not presented with a situation in which the search failed to conform to the requirements of the warrant." United States v. Syphers, 296 F. Supp. 2d 50, 56 (D.N.H. 2003). In addition, Syphers focused primarily on the effect of delay in executing the search, and concomitantly, probable cause. Syphers, 426 F. 3d at 469. We believe, instead, that the Fourth Amendment harm being protected against by the ninety-day provision in this case is from a seizure of unreasonable duration and the resulting interference with Cote's possessory

---

[7] The Syphers factors are (1) whether the delay caused a lapse in probable cause, (2) whether the delay created prejudice to the defendant or (3) whether federal or state officers acted in bad faith to circumvent federal requirements. 426 F.3d at 469.
[8] Syphers is similar to this case in that on the same day the state judge there issued the warrant, he also granted a motion giving the government twelve months in which to complete the search of the seized computer. 426 F.3d at 463-64. Unlike this case, however, the government in Syphers completed its search of the computer well within the allotted time period and there was no violation of the terms of the warrant or other court order. Id. The specific question in Syphers is not one we face today -- how the fourteen-day limitation (ten days under the rule at that time) in Fed. R. Crim. P. 41(e)(2)(A) applied to state search warrants which were used in federal prosecutions.

United States v. Cote, No. 12-0522/AF

interest in noncriminal materials.  See, e.g., Metter, 860 F. Supp. 2d at 215 ("[t]he government's retention of all imaged electronic documents, including personal emails, without any review whatsoever to determine not only their relevance to this case, but also to determine whether any recognized legal privileges attached to them, is unreasonable and disturbing"); see also United States v. Brunette, 76 F. Supp. 2d 30, 42 (D.M.E. 1999) (evidence suppressed where search occurred after the permissible duration of seizure under warrant had expired). We are mindful that the ultimate touchstone of any Fourth Amendment inquiry is always reasonableness, Florida v. Jimeno, 500 U.S. 248, 250 (1991), and that, as noted previously, mere "technical," or "de minimis" violations of a warrant's terms are not unreasonable, and do not warrant suppression.  See Sims, 428 F.3d at 955; Gerber, 994 F.2d at 1560-61; United States v. Twenty-Two Thousand, Two Hundred Eighty Seven Dollars, 709 F.2d 442, 449 (6th Cir. 1983).  At the same time, it is equally clear "that the search and seizure conducted under a warrant must conform to the warrant, or some well-recognized exception." Upham, 168 F.3d at 536 (citing Marron, 275 U.S. at 196–97).

The Government has not contested the findings of the military judge and the CCA that the ninety-day limitation was violated.  We believe that the limitation reflects a judicial determination that under the circumstances of this case, ninety

11

days was a reasonable period of time in which to conduct the off-site search. This is particularly true since the term of "90" days was handwritten into the warrant, indicating that the duration of the limitation was tailored to the facts of this case, rather than simply being boilerplate language of the warrant. In addition, the judge established a procedure to extend the off-site search period if the Government found they were unable to meet the ninety-day limitation.

While we do not believe that a violation of the ninety-day period mandates per se exclusion of the evidence, we do believe that the violation imposes an additional burden on the Government to show that the violation was either de minimis or otherwise reasonable under the circumstances. Cf. United States v. Clark, 638 F.3d 89, 100 (2d Cir. 2011) ("'The burden is on the government to demonstrate the objective reasonableness of the officers' good faith reliance' on an invalidated warrant." (quoting United States v. George, 975 F.2d 72, 77 (2d Cir. 1992))); United States v. Atchley, 474 F.3d 840, 851 (6th Cir. 2007) ("It is the government's burden to prove the existence of exigency." (citing United States v. Chambers, 395 F.3d 563, 566 (6th Cir. 2005))); Wilson v. Health & Hosp. Corp. of Marion County, 620 F.2d 1201, 1208 (7th Cir. 1980) ("It is normally the Government's burden, therefore, to show a warrantless search is

12

United States v. Cote, No. 12-0522/AF

otherwise 'reasonable' within the Fourth Amendment." (citing

United States v. Jeffers, 342 U.S. 48, 51 (1951))).[9]

At trial, the Government did not show any fact which would support the argument that its violation of the warrant's terms was reasonable under the circumstances.[10] Further, performing a search over a year after the expiration of the search period, without following already established procedures for requesting a new warrant or an extension of the existing warrant, is not a de minimis violation. As a result, we cannot conclude that the Government has met its burden at trial to show that the search comported with constitutional requirements.[11] The military judge

---

[9] The dissent argues that "the only fact [we] cite[] in support of the electronic search being unreasonable is that the search was conducted after the expiration to the warrant's time requirement." United States v. Cote, __ M.J. __, __(3) n.2 (C.A.A.F. 2013) (Ryan, J., dissenting). Of course, the burden is not on the defendant, or on this court, to show facts supporting the unreasonableness of the search, but rather on the government to show facts before the military judge at trial that the search was reasonable.

[10] At the Government's request, the military judge placed her ruling on the Government's argument that the evidence should be admitted under the good faith exception in Military Rule of Evidence (M.R.E.) 311 on the record. In rejecting that argument, the military judge found, in part:

> The warrant in this case was correct. There was nothing wrong with the warrant; but the government agents disregarded, and the government trial counsel disregarded the plain language of the warrant and conducted or requested additional and unlawful searches after the time period had expired which was directed by the judge in the warrant.

[11] We believe the concurrence's reliance on United States v. Herring, 555 U.S. 135 (2009), is misplaced. Herring

13

did not abuse her discretion in suppressing the evidence found

on the WD external drive.[12]

Conclusion

The decision of the United States Air Force Court of

Criminal Appeals is reversed.  The finding of guilty to the

Second Additional Charge and the sentence are set aside.  The

Second Additional Charge is dismissed.

---

specifically dealt with attenuated police negligence, not negligence on the part of the officer actually performing the search.  Id. at 144.  In that case, an officer reasonably relied on a neighboring county's arrest warrant to perform an arrest and search of Herring.  Id. at 137.  Shortly thereafter, it was discovered that the warrant had been recalled and that the neighboring county had negligently failed to purge the warrant from its records.  Id. at 137-38.  The court held that the arresting officer had acted in reasonable reliance on the neighboring county, and that exclusion was not warranted.  Id. at 147.  We do not think that those facts control the outcome of this case.  That is especially true where the agent who performed the search (SA Harstad) had seen the warrant, was aware of the ninety-day requirement, had previously worked on cases where it applied, and knew that the repaired hard drive image he was searching was created after the deadline had passed, but performed the search anyway.  Even if we were to conclude that Herring also protected direct police negligence, the conduct of the agent in this case rises to the standard of "deliberate [and] reckless" conduct set by Herring.  Id. at 144.

[12] Nor do the provisions of M.R.E. 315(h)(4) change our analysis. That rule provides that "[t]he execution of a search warrant affects admissibility only insofar as exclusion of evidence is required by the Constitution of the United States or an applicable Act of Congress."  Because we have concluded that the Government has not met its burden to show that the search was reasonable under the circumstances, we have also necessarily concluded that exclusion of evidence is required by the Fourth Amendment.

BAKER, Chief Judge (concurring in part and dissenting in part):

I agree with the majority's conclusion that the search in this case was unreasonable under the Fourth Amendment;[1] however, because I would not apply the exclusionary rule, I respectfully dissent.

In my view, the Government's prolonged retention of Appellant's hard drive without a warrant extension rendered the Government action an unreasonable, and therefore, an unlawful, seizure under the Fourth Amendment. The taint of the hard drive's unlawful seizure renders the subsequent forensic search of the hard drive unreasonable under the Fourth Amendment, when conducted absent the warrant extension or a military search authorization.

The Fourth Amendment provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

Absent an exception to the warrant requirement, including those contained and recognized in the Military Rules of Evidence (M.R.E.), the constitutional process for determining probable cause is the issuance of a warrant by a judge, a civilian or

---

[1] U.S. Const. amend. IV.

military magistrate, or a neutral and detached military authority.  Thus, while the Fourth Amendment does not substantively specify temporal limitations on a search or seizure, as it does the place, person, or thing to be searched, it does expressly provide a process for constitutional oversight of the Fourth Amendment.  As a result, warrantless searches and seizures are presumptively unreasonable.  See, e.g., Dow Chemical Co. v. United States, 476 U.S. 227, 234-35, 239 (1986) (warrantless searches presumptively unreasonable); United States v. Daniels, 60 M.J. 69, 71-72 (C.A.A.F. 2004) (citing Camara v. Municipal Court of San Francisco, 387 U.S. 523 (1967)).  Likewise, searches or seizures conducted in contravention of a warrant are also presumptively unreasonable where the provision violated is material to the determination that a search or seizure is reasonable under the Fourth Amendment.

Probable cause is the most important determinant as to whether a search is authorized and thus reasonable under the Fourth Amendment.  Here, the forensic search following the prolonged retention of the hard drive did not lack probable cause.

But the Fourth Amendment also protects possessory interests.  United States v. Jacobsen, 466 U.S. 109, 113 (1984). The nature of the possessory interest is important when making a determination as to the reasonableness or unreasonableness of a

seizure of an individual's property.  The less interest a person
has in possessing or repossessing property, the more reasonable
the government's actions may be in holding the item beyond a
warrant's time limit.  Likewise, a request for return may weigh
in the analysis as to whether the government has acted in a
reasonable or unreasonable manner by retaining an item.  Here,
the device in question was damaged and not functioning, and
Appellant did not request its return.

The timing of a search may also be relevant to whether an
unlawful search or seizure has occurred.  A failure to strictly
observe a time limit imposed on a warrant does not, in and of
itself, render a search or seizure conducted pursuant to that
warrant unreasonable for Fourth Amendment purposes.  Whether or
not a search conducted after the lapse of a warrant's time limit
violates the Fourth Amendment turns on whether this failure to
comply with the warrant's terms frustrates the warrant's ability
to protect Fourth Amendment interests, namely the preservation
of probable cause and the protection of possessory interests in
property.

Among other things, violating a warrant's time limit may
cause probable cause to become stale.  For example, tips
provided by informants may have a limited shelf life.  If they
are not acted on within a short time, they may lead law

3

enforcement to search an area they no longer have probable cause to search.

In contrast, probable cause in cases involving the forensic analysis of a computer is unlikely to become stale during the period between the initial seizure of a computer from a suspect's home and the later search of the computer by forensic analysis. The evidence on the computer, once the initial seizure is made, is unlikely to change. Time limits are often imposed on the forensic analysis of computers instead to prevent the government from retaining a suspect's property for an excessive period of time. Time limits, in this context, serve to protect an individual from a seizure that would unreasonably deprive him of his possessory interests protected by the Fourth Amendment.

The government's authority to seize, but not search, papers or things, is not perpetual even if it is founded upon probable cause. The government cannot simply seize property, like a personal computer, ignore the provisions of a warrant, and hold it indefinitely to search at its convenience, or not at all. While a violation of a time limit may be de minimis or rule-based alone, in my view, the Government's retention of Appellant's hard drive for over three hundred days past the time limit is excessive in this case in the absence of the warrant extension, rendering it an unreasonable seizure under the Fourth

4

Amendment. Consequently, the subsequent search of the hard drive stemming from the Government's unreasonable retention of the hard drive is also unreasonable.

In this context, as the majority notes, the federal magistrate judge placed a temporal restriction of ninety days upon the Government's authority to search anything seized at Appellant's address. The magistrate judge also provided a mechanism to extend this timeline if needed, and had regularly done so in other cases. Part of the problem in this case arose from the later transfer of law enforcement jurisdiction over Appellant's investigation from civilian to military authorities. It was not until 464 days after the hard drive was seized, or 376 days after the warrant's time limit lapsed, that it was searched. While understandable given the change in law enforcement jurisdictions, the military judge found that the Government knew or should have known of the temporal restriction on searching the device in question as well as the mechanism available to extend that authority. This is not a case where an alternative and appropriate mechanism for authorizing a search was engaged, such as seeking independent search authority from a military magistrate pursuant to M.R.E. 315 after military law enforcement received the hard drive, or seeking a warrant extension from the same authority that issued the warrant as in United States v. Syphers, 426 F.3d 461, 463 (1st Cir. 2005).

5

The Government acted in contravention of the warrant without resort to available processes for extension or approval.  That is unreasonable.  And, given the length of the delay involved, it was constitutionally unreasonable.

However, I would not apply the exclusionary rule in this case and therefore ultimately and respectfully dissent from the result reached by the majority.  While early Supreme Court precedent viewed Fourth Amendment violations as "'synonymous with application of the exclusionary rule . . . . [s]ubsequent case law has rejected this reflexive application.'"  Hudson v. Michigan, 547 U.S. 586, 591 (2006) (quoting Arizona v. Evans, 514 U.S. 1, 13 (1995)).  Today, "[w]hether the exclusionary sanction is appropriately imposed in a particular case . . . is 'an issue separate from the question whether the Fourth Amendment rights of the party seeking to invoke the rule were violated by police conduct.'"  United States v. Leon, 468 U.S. 897, 906 (1984) (citation omitted).  Given the societal interests and costs involved in invoking the exclusionary rule, suppression is a remedy of "last resort," rather than a rule of automatic application.  Hudson, 547 U.S. at 591.  In my view, current precedent indicates a more contextual approach to the application of the rule.[2]  Such an approach looks beyond the good

---

[2] See Herring v. United States, 555 U.S. 135, 141 (2009); Hudson, 547 U.S. at 592; Pennsylvania Bd. of Probation and Parole v.

6

faith of the police officers in question -- although that is a

central factor -- and also takes into account the deterrent

effect of applying the rule, the nature of the delict, and the

societal costs of application.  It follows that with such

factors, rather than a per se approach to the exclusionary rule,

Scott, 524 U.S. 357, 363–65, 357 (1998) (The Supreme Court
"[has] repeatedly emphasized that the rule's 'costly toll' upon
truth-seeking and law enforcement objectives presents a high
obstacle for those urging [its] application" and the
exclusionary rule should applied only "where its deterrence
benefits outweigh its 'substantial social costs.'"); Evans, 514
U.S. at 11; Colorado v. Connelly, 479 U.S. 157, 166, (1986);
Leon, 468 U.S. at 908 (rejecting "[i]ndiscriminate application
of the exclusionary rule").  These cases make clear that there
must be substantial deterrent benefits achieved as a result of
applying the exclusionary rule.  Absent a realistic possibility
of deterring undesirable conduct, societal interests in
punishing crime prevail.  For a range of views considering the
significance of Herring, see Tom Goldstein, The Surpassing
Significance of Herring, SCOTUSblog (Jan. 14, 2009, 11:32 AM),
http://www.scotusblog.com/2009/01/the-surpassing-significance-
of-herring ("[W]e will at some point soon regard today's Herring
decision as one of the most important rulings in [the criminal
procedure] field in the last quarter century," and concluding
that Herring sets the bar to applying the exclusionary rule even
higher than before); Richard McAdams, Herring and the
Exclusionary Rule, University of Chicago Law School Faculty Blog
(Jan. 17, 2009, 12:06 AM),
http://uchicagolaw.typepad.com/faculty/2009/01/herring-and-the-
exclusionary-rule.html ("Herring will transform the exclusionary
rule from the standard remedy to the exceptional remedy.").  But
see Orin Kerr, Responding to Tom Goldstein on Herring, The
Volokh Conspiracy (Jan. 14, 2009, 2:38 PM),
http://www.volokh.com/posts/1231961926.shtml (disagreeing with
Tom Goldstein's reading of Herring, stating that Herring is "a
narrow and interstitial decision, not one that is rocking the
boat").

reasonable persons (including judges) might reach differing conclusions on its application.  That is the case here.

In this case, I do not believe suppression would serve the purpose of the exclusionary rule.  The Supreme Court stated in Herring that deciding whether to apply the exclusionary rule "turns on the culpability of the police and the potential of exclusion to deter wrongful police conduct."  555 U.S. at 137. The Court went on to hold that the exclusionary rule is triggered when police conduct is "sufficiently deliberate that exclusion can meaningfully deter it, and sufficiently culpable that such deterrence is worth the price paid by the justice system."  Id. at 144.  This includes "deliberate, reckless, or grossly negligent conduct, or in some circumstances recurring or systemic negligence."  Id.  Where a Fourth Amendment violation is a product of isolated police negligence rather than overreaching, there is no wrongful police conduct, nor pattern of repeated negligence, to deter.

Here, there is no evidence in the record that the delayed search of the hard drive resulted from law enforcement's bad faith or intentional disregard of the terms of the warrant. Indeed, Appellant, the moving party, had the opportunity to question SA Harstad on his actions and motives and did not unearth facts indicating bad faith or intentional misconduct. As a result, the facts suggest isolated negligence, as was the

8

case in <u>Herring</u>.  This investigation originated as a state or federal civilian investigation before being handed over to the military justice system, where different rules, namely, the lack of time limits on searches, usually govern.  The record suggests that failing to adhere to the ninety-day time limit was a mistake -- not a deliberate act borne of an intentional, willful disregard of the warrant's terms or the result of gross negligence or recurring or systemic negligence.  In addition, when law enforcement came into possession of Appellant's hard drive, the hard drive was defunct.  Its internal components were damaged, rendering it inoperable.  Moreover, Appellant never requested the hard drive's return.[3]  From this, it is difficult to infer that law enforcement's retention of the property -- during which it sought the hard drive's repair -- was intended to deprive Appellant of the use and enjoyment of his hard drive. Nor, is this a case where law enforcement should have known that it was depriving Appellant of the use and enjoyment of his

---

[3] A request for the return of property is relevant to a determination of whether there has been police misconduct because a request gives police notice that the continued retention of the property is harming the owner.  In some cases, repeated requests for the return of property combined with an excessive delay in returning it could lead to an inference that the government was intentionally retaining property to interfere with an individual's possessory interests.  On the other hand, the absence of a request, as in this case, suggests that the police were not on notice that the owner was harmed, or potentially would be harmed, by the prolonged retention of the property.  Therefore, there is no misconduct to be deterred.

property.  Hence, because there is no wrongful police conduct to deter, nor a pattern of negligent conduct to punish, I would not exclude the evidence obtained from Appellant's hard drive.

United States v. Cote, No. 12-0522/AF

RYAN, Judge (dissenting):

A military judge's ruling on a motion to suppress is reviewed for an abuse of discretion. United States v. Cowgill, 68 M.J. 388, 390 (C.A.A.F. 2010). "'An abuse of discretion occurs if the military judge's findings of fact are clearly erroneous or if the decision is influenced by an erroneous view of the law.'" Id. (quoting United States v. Quintanilla, 63 M.J. 29, 35 (C.A.A.F. 2006)). Here, the military judge excluded the evidence seized during the search of Appellant's hard drive solely because the search was "executed well outside the time period" set forth in the warrant without undertaking the appropriate fact-intensive inquiry into whether the delayed search was "unreasonable" under the Fourth Amendment.[1] Id. This per se exclusion reflected an erroneous view of the law, one further supported by the majority in this case, and I respectfully dissent.

_____

[1] The military judge supported her conclusion that the searches of Appellant's hard drive and laptop were "unlawful" and that, "therefore, any evidence seized during those searches is hereby inadmissible" with three findings of fact: (1) "that the warrant issued in this case specifically stated that the search of any electronic device or storage media seized from the accused was to be searched within 90 days; unless the judge extended that date with good cause shown;" (2) that "the government [did not] request an extension of that time period;" and (3) that "after [the ninety-day] time period had elapsed, the government conducted additional analys[es]" of the laptop and hard drive.

United States v. Cote, No. 12-0522/AF

The Fourth Amendment protects, in relevant part, "against unreasonable searches and seizures." U.S. Const. amend. IV. Searches and seizures conducted in the absence of a warrant are presumptively unreasonable, in the constitutional sense. See, e.g., United States v. Daniels, 60 M.J. 69, 71-72 (C.A.A.F. 2004) (citing Camara v. Municipal Court of San Francisco, 387 U.S. 523 (1967)). The Fourth Amendment requires that warrants permitting a search and seizure: (1) be based on probable cause; (2) be supported "by Oath or affirmation"; and (3) "particularly describ[e] the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV.

In this case, no one disagrees that (1) there was a warrant, (2) there was probable cause supported by sworn testimony, and (3) the warrant described with particularity the place to be searched and the things to be seized. Nevertheless, the majority concludes that the search violated the Fourth Amendment without explaining how, if at all, the "search" of the hard drive was constitutionally unreasonable. Rather, it relies on the same fact fixed upon by the military judge -- that a time limit set forth in the warrant was violated.[2]

_____

[2] The majority purports to recognize that an electronic search conducted after the expiration of a warrant's time

2

United States v. Cote, No. 12-0522/AF

"The Fourth Amendment does not specify that search warrants contain expiration dates . . . [and it] contains no requirements about when the search or seizure is to occur or the duration."  United States v. Gerber, 994 F.2d 1556, 1559-60 (11th Cir. 1993); see also United States v. Syphers, 426 F.3d 461, 469 (1st Cir. 2005) (quoting same); United States v. Martin, 399 F.3d 879, 881 (7th Cir. 2005) ("The fourth amendment's rules for warrants do not include time limits.").  Rather, "[t]he general touchstone of reasonableness which governs Fourth Amendment analysis . . . governs the method of execution of the warrant."  United States v. Ramirez, 523 U.S. 65, 71 (1998); see also Dalia v. United States, 441 U.S. 238, 258 (1979).  Given that the Fourth Amendment makes no reference to time limitations, the fact that a magistrate judge chooses to place one in a warrant does not elevate that time limit to a constitutional requirement.  Rather, the touchstone is whether the failure to search the hard drive within the time limit was constitutionally "unreasonable."

requirement does not constitute a per se violation of the Fourth Amendment, United States v. Cote, __ M.J. __ (12) (C.A.A.F. 2013), and should be analyzed under "the ultimate touchstone of any Fourth Amendment inquiry . . . reasonableness," id. at __ (11) (citing Florida v. Jimeno, 500 U.S. 248, 250 (1991)), yet the only fact it cites in support of the electronic search being unreasonable is that the search was conducted after the expiration of the warrant's time requirement.

Neither this Court nor the Supreme Court have specifically addressed the question whether an electronic search conducted after the expiration of a warrant's time requirement is unreasonable under the Fourth Amendment. However, when analyzing the more general issue of whether delayed electronic searches are unreasonable, a number of federal jurisdictions apply some variation of the Syphers test, which asks whether (1) the delay resulted in a lapse of probable cause, (2) the defendant was prejudiced, or (3) the police acted in bad faith to circumvent federal requirements. 426 F.3d at 469; see also United States v. Brewer, 588 F.3d 1165, 1173 (8th Cir. 2009) ("[O]ur analysis . . . considers only whether the delay rendered the warrants stale."); United States v. Burgess, 576 F.3d 1078, 1097 (10th Cir. 2009) (asking whether "there was prejudice in the sense that the search might not have occurred" and finding that probable cause was unaffected by the delay); United States v. Hodges, No. 1:09-CR-562-CAP-LTW, 2010 U.S. Dist. LEXIS 118437, at *11-*12, 2010 WL 4639238, at *4 (N.D. Ga. 2010) (Walker, Mag. J.), adopted by United States v. Hodges, No. 1:09-CR-562-CAP, 2010 U.S. Dist. LEXIS 118444, 2010 WL 4638872 (N.D. Ga. 2010) (denying motion to suppress because probable cause continued to exist, the government did not act in bad

4

faith, and there was no prejudice to the defendant); United States v. Burns, No. 07 CR 556, 2008 U.S. Dist. LEXIS 35312, at *27-*28, 2008 WL 4542990, at *9 (N.D. Ill. 2008) (denying motion to suppress when defendant did not assert that delay affected probable cause or police acted in bad faith).

The majority declines to apply the Syphers test because (1) here, unlike in Syphers, the search violated the warrant's explicit terms, and (2) "Syphers focused primarily on the effect of delay in executing the search, and concomitantly, probable cause," whereas in this case, the time limitation serves to protect Appellant's "possessory interest in noncriminal materials." Cote, __ M.J. at __ (10-11). First, there is no authority for the proposition that every and any explicit term in a warrant bears constitutional weight simply because a magistrate chose to place it there. Rather, the focus of the cases where failure to comply with explicit terms of a warrant were found to have constitutional consequences were where the explicit terms violated were required by the Fourth Amendment -- the place to be searched, and the persons or things to be seized. See, e.g., Ybarra v. Illinois, 444 U.S. 85, 91-92 (1979) ("Although the search warrant, issued upon probable cause, gave the officers authority to search

the premises and to search [the bartender,] it gave them no authority whatever to invade the constitutional protections possessed individually by the tavern's customers."); Bowling v. Rector, 584 F.3d 956, 971 (10th Cir. 2009) ("Where, as here, a warrant clearly and precisely specifies items to be seized, and the officers executing the warrant seize additional items, those officers act unreasonably for Fourth Amendment purposes unless their conduct may be justified under an exception to the warrant requirement."); United States v. King, 227 F.3d 732, 750-52 (6th Cir. 2000) (concluding that a search was unreasonable where law enforcement exceeded the scope of a warrant that authorized the search of a duplex's first-floor unit by searching the basement).

Moreover, the majority, in determining that the Government unreasonably interfered with Appellant's "possessory interest in noncriminal materials," Cote, __ M.J. at __ (10-11), substantially relies on the fact that the warrant's time limitation was violated and fails to balance this interest against the Government's countervailing interest in extracting evidence from the damaged hard drive where there was strong probable cause to believe that the hard drive contained child pornography,

6

and that probable cause continued to exist throughout the duration of the seizure.[3]

The majority further ignores the fact that other federal jurisdictions have applied some variation of the Syphers test to instances where law enforcement violated a warrant's time requirement.  In Burgess, the 10th Circuit applied a variation of the Syphers test to hold that the violation of a warrant's time requirement was not constitutionally unreasonable.  Burgess, 576 F.3d at 1097 ("The same analysis applies whether it is a violation of the warrant itself, or a violation of Rule 41 per se." (quotation marks and citation omitted)).  Likewise, the Northern District of Georgia in Hodges concluded that the examination of the defendant's hard drives after the expiration of the warrant was not "an unreasonable search amounting to a constitutional violation requiring suppression."  2010 U.S. Dist. LEXIS 118437, at *8, 2010 WL 4639238, at *3; see also United States v. Hernandez, 183 F. Supp. 2d 468, 480-81 (D.P.R. 2002) (holding that the

---

[3] I further note that (1) Appellant made no claim that this seizure unreasonably interfered with his possessory interest before either this Court or the United States Air Force Court of Criminal Appeals, and (2) there is no evidence in the record that Appellant, at any time, requested the return of his property.

examination of computer discs conducted after the warrant's deadline was reasonable).

The military judge erred in shortcutting the requisite fact-intensive inquiry to determine whether the Government's conduct was reasonable under the Fourth Amendment.[4] Here, the record shows that efforts to search the damaged hard drive ground to a halt because the investigating agent from the North Dakota Bureau of Criminal Investigation (NDBCI), Special Agent (SA) Harstad, had neither the expertise nor the resources to access its contents.[5] After SA Harstad exhausted his attempts to search the hard drive on August 18, 2008, the inoperable hard drive was transferred to the Air Force Office of Special Investigations (AFOSI) at Minot Air Force Base, where it was stored in an evidence locker. The record is unclear as to who maintained primary control of the investigation at that time.

---

[4] An appropriate framework for assessing reasonableness in the context of an electronic search is the test set forth in Syphers, which asks whether (1) the delay resulted in a lapse of probable cause, (2) the defendant was prejudiced, or (3) the police acted in bad faith to circumvent federal requirements. 426 F.3d at 469.

[5] In setting the ninety-day time limitation, the magistrate judge could not have known that the hard drive was damaged because the drive was only discovered after the search of Appellant's room, which occurred after the magistrate judge issued the warrant.

Eleven months later, on July 17, 2009, the Government informed SA Harstad that it did not have enough evidence tying Appellant to the child pornography.  In early September, 2009, AFOSI sent the hard drive to the Defense Computer Forensic Laboratory (DCFL) for repair.  The DCFL -- the only laboratory within the Department of Defense (DOD) capable of such work -- employs only three technicians trained in hard drive repair.  SA Harstad, who had originally taken part in the search of Appellant's room, received the hard drive and a forensic image of its contents from the DCFL on October 6, 2009, and conducted a search of the forensic image that revealed child pornography files.

In assessing whether the search was constitutionally unreasonable, the military judge should have considered that the hard drive sat in an AFOSI evidence locker for over a year and the warrant expressly allowed for the time limitation to be extended for good cause.  The military judge should have also recognized that in the context of electronic searches, courts "have permitted some delay in the execution of search warrants involving computers because of the complexity of the search."  Syphers, 426 F.3d at 469; see also United States v. Ivers, 430 F. App'x 573, 575 (9th Cir. 2011) ("Electronic data searches may

9

take longer than traditional searches . . . ." (quotations and citation omitted)); United States v. Triumph Capital Group, 211 F.R.D. 31, 51 (D. Conn. 2002) ("[C]omputer searches . . . cannot be subject to any rigid time limit because they involve . . . more preparation and a greater degree of care in their execution.").

Another factor to consider is that probable cause to believe Appellant's external hard drive contained child pornography continued to exist at the time of the search. In fact, the earlier discovery of child pornography on one of Appellant's computers during the initial search of Appellant's room bolstered the magistrate judge's probable cause determination as to the existence of child pornography on the external hard drive. Furthermore, there was little risk that this probable cause determination would lapse because the damaged hard drive remained unchanged in the continuous custody of law enforcement.

The military judge should have also considered whether Appellant was prejudiced from the delay and whether law enforcement acted in bad faith to circumvent the Fourth Amendment's requirements. With regard to whether Appellant was prejudiced, the record shows (1) the hard drive was seized within the time limitation set by the warrant, (2) there is no showing that Appellant could have avoided the

search at a later time because of a lack of probable cause, and (3) there is no showing or allegation that the belated search affected his ability to defend himself.

Finally, to determine whether law enforcement exhibited bad faith in delaying the search, the military judge should have considered that (1) the search of this particular hard drive could only be facilitated by a small group of technicians at a single facility within the DOD; (2) the original agency investigating Appellant, the NDBCI, did not have the resources to repair the broken hard drive; and (3) the record is less than clear on when the case was turned over to the Air Force for prosecution or whether the Air Force was informed about the time limitations placed on the warrant by the civilian magistrate judge.

An appropriate reasonableness inquiry under the Fourth Amendment would have considered all of these factors. The military judge considered none of them. In concluding that the Government's failure to comply with the warrant's time limitation -- a term neither mentioned in nor required by the Fourth Amendment -- necessitated exclusion of the evidence seized during the search without conducting an appropriate reasonableness analysis, the military judge abused her discretion by excluding the evidence in this case.